## Eichner v. Heil

582

*Samuel Avins*, for plaintiff.

*Joseph A. Steedle*, for defendant.

BROWN, J., November 25, 1964.—This matter is now before the court on defendant's motion for an involuntary nonsuit, or in the alternative for judgment on the pleadings.

On May 21, 1961, the parties herein were involved in an automobile accident. On December 4, 1961, plaintiff filed an action in trespass for damages arising from that accident. Defendant obtained counsel, who entered his appearance and the matter was placed at issue. Meanwhile, defendant posted as security a sum with the Secretary of Revenue of Pennsylvania, in accord with The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1401-1436, disbursement of that sum to depend on the disposition of the case.

Defendant filed a voluntary petition in bankruptcy on July 3, 1963, and was adjudicated a bankrupt as of that date. On August 19, 1963, he was granted a discharge.

After obtaining this court's consent, defendant on September 1, 1964, filed an answer and new matter nunc pro tunc, the gravamen of which is that any liability resulting from the accident of May 21, 1961, terminated with the discharge.

Plaintiff's reply to the new matter denied that defendant had been discharged from all claims arising out of the aforesaid accident, but admitted by operation of Rule of Civil Procedure 1045(b), effective April 2, 1962, that defendant did file a bankruptcy petition on July 3, 1963; that the claim of plaintiff was duly set forth therein and notice duly given plaintiff; that plaintiff failed to file his claim; that defendant was adjudged a bankrupt as of July 3, 1963, and that defendant was discharged from bankruptcy on August 19, 1963.

This motion for judgment on the pleadings is based on defendant's legal contention that plaintiff cannot now proceed with the suit in view of defendant's discharge in bankruptcy. No dispute of facts is here involved.

Plaintiff, in his brief, admits that The Vehicle Code does not specifically provide for the continued prosecution of an action to a conclusion on the merits where there has been an intervening bankruptcy, but argues that in order to effectuate the code's clear overall purpose of fiscal responsibility, this action should proceed to judgment.

Furthermore, plaintiff contends he is a secured creditor of the sum defendant hitherto had deposited with the Secretary of Revenue, and that unless he is allowed to continue the case to judgment, he will not be able to establish his right to that security.

In support of his first contention, plaintiff cites two United States Supreme Court decisions: Kesler v. Dept. of Public Safety of Utah, 369 U.S. 153 (1962), and Reitz v. Mealey, 314 U.S. 33 (1941), which support the validity of State fiscal responsibility laws similar

to Pennsylvania's, in face of some apparent conflict with the Federal Bankruptcy Act. With those decisions this court agrees, but they are not dispositive of the instant fact situation. In both of those cases the outstanding difference is that the party seeking to enforce the fiscal responsibility laws of the respective States, laws very similar to Pennsylvania's, had prior thereto been rendered a judgment before the discharge.

The Pennsylvania Vehicle Code of April 29, 1959, P. L. 58, sec. 1414, 75 PS §1414, states:

"A discharge in bankruptcy *following* the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this article." (Italics supplied.)

In the instant case the important factual distinction, that plaintiff had not pursued his case to judgment at the time of the discharge, renders the cited United States Supreme Court cases inapposite. In those cases plaintiffs were availing themselves of provisions essentially similar to section 1414 supra, to enforce the State fiscal responsibility laws. In the instant case plaintiff seeks the same relief in spite of section 1414.

Plaintiff also argues that public policy as expressed by our State fiscal responsibility provisions is best propagated by a construction of section 1414, which would extend it to include parties who had a legitimate trespass claim which arose before the discharge, but in which no judgment had yet been rendered. While this general contention may have some merit in that it appears that the defendant may unconscionably escape the operation of the provision which suspends a trespasser's driving privilege, this court must comply with the clear import of the statutory language.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Pa. Statutory Con-

struction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551; Garratt v. City of Philadelphia, 387 Pa. 442.

"Plain words of a statute cannot be disregarded under the pretext of accomplishing even a good purpose particularly where language is clear and free from ambiguity": MacDougall v. MacDougall, 397 Pa. 340, 343 (1959).

The statutory and decisional law applicable in this matter must be followed, and plaintiff's first contention therefore fails.

Plaintiff's second position, that because defendant deposited with the Secretary of Revenue of Pennsylvania a sum determined by said Secretary of Revenue, in accordance with the Act of April 29, 1959, sec. 1404, 75 PS §1404, plaintiff became a secured party as of that sum, is equally fallacious. Section 63(a), subsection 7 of the Bankruptcy Code, 11 U.S.C.A. §103, makes "the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy", a provable claim. Section 17 of the Bankruptcy Code, 11 U.S.C.A. §35, specifically provides that a discharge shall release a bankrupt "from all of his provable debts, whether allowable in full or in part." These sections make it clear that any liability defendant may have incurred prior to the discharge in bankruptcy was rendered uncollectible as a result of that discharge.

The fact that the Secretary of Revenue held defendant's funds pending the outcome of a determination of actual liability, rather than defendant himself, or a banking institution, does not lend plaintiff any superior right to that fund.

Furthermore, section 1410 of The Vehicle Code of 1959 does not, as plaintiff contends, regulate his right to the deposit held by the Secretary of Revenue, when the depositor has been discharged in bankruptcy. Section 1410 provides for the ". . . payment of a judg-

ment or judgments rendered against the person or persons on whose behalf the deposit was made . . . and such deposit, or any balance thereof, shall be returned to the depositor, or his personal representative when evidence, satisfactory to the Secretary, has been filed with him that there has been a release from liability, etc." This section has no applicability to questions arising out of bankruptcy as to the proper disposition of security deposited prior thereto, and presents no conflict with that part of section 1414 which holds the Vehicle Safety Responsibility laws applicable when a discharge follows a judgment against the bankrupt party.

Defendant's motion for judgment on the pleadings must therefore be granted.

### Order of Court

And now, November 25, 1964, defendant's motion for judgment on the pleadings is hereby granted, and judgment is entered for the defendant.