## Commonwealth ex rel. Herman *v.* Herman, Appellant.

Argued October 7, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Herman Moskowitz,* for appellant.

*William A. Gray,* and with him *John Monaghan,* District Attorney, and *Albert G. Newton,* Assistant District Attorney, for appellee.

Opinion by Keller, J., November 22, 1929:

This appeal is an aftermath of our decision in Com. ex rel. Herman v. Herman, 95 Pa. Superior Ct. 510, in which we reversed the municipal court for refusing to

make an order on the defendant for the support of his wife and directed that court "to enter an order requiring the defendant to pay weekly for the support of the petitioner such amount as to that court shall seem reasonable and proper under all the evidence."

Following the return of the record the municipal court ordered the defendant to pay his wife, the relator, the sum of $18 per week, to date from May 9, 1927, when the rehearing was held prior to the entry of the order which was reversed by this court.

The defendant has appealed and assigns two grounds of complaint: (1) That the order should not have operated retroactively, but should have taken effect only from the date of its entry, May 2, 1929; (2) that the order should not have been entered without a further hearing on the facts.

(1) In support of the first proposition, appellant relies on the decisions in Keller v. Com., 71 Pa. 413, and Com. v. McMaster, 88 Pa. Superior Ct. 37. In the former case, proceedings were brought in Berks County on March 2, 1871 under the Act of April 13, 1867, P. L. 78, against Frederick Keller at the instance of Jacob Good, his father-in-law, for the support and maintenance of the defendant's minor children, whom said Good was supporting. An action in assumpsit had previously been instituted in Lancaster County by Good against Keller to recover damages for the support and maintenance of the children to the date of suit, October 19, 1869. An award of $300 had been made in Good's favor by arbitrators, from which the defendant appealed, and the suit was still pending and undetermined. On September 23, 1871 the court of quarter sessions of Berks County decreed that the defendant pay Jacob Good $250 for the support and maintenance of the children from November 1, 1869, to the date of the order, September 23, 1871; and the further sum of $2.50 per week from that date. On appeal by

the defendant the Supreme Court set aside so much of the order as applied to the payment of the sum for past support and maintenance, but affirmed it as respects the weekly allowance for future support and maintenance, saying: "Nor were the proceedings in the court of quarter sessions of Lancaster County, on the complaints previously made by the mother of the children, as set out in the defendant's second plea, a bar to the proceedings in this case. If, upon the complaints made by the wife in 1867, the quarter sessions of Lancaster County refused to make an order requiring the defendant to pay any sum for the support of herself and children, on the ground of his alleged desertion, dismissing the complaint in the one case and granting leave to the parties to settle it in the other, it does not follow that in 1871, when the complaint in this case was made by the grandfather of the children, the defendant was not liable to an order to pay a reasonable sum for the support and maintenance of his children, if it were shown that he had deserted them. It is equally clear that the pendency of the action of assumpsit instituted by the complainant in the common pleas of Lancaster County, at November Term, 1869, to recover compensation of the defendant for the support and maintenance of the children, as averred in the second amended plea, is no bar to this proceeding. That action was brought to recover the amount alleged to be due and owing for their support and maintenance at its institution. The complaint in this case was made for the purpose of obtaining an order of the court requiring the defendant to pay for their future support and maintenance. But there is more substance in the assignment of error in the decree as made by the court. It is clear from all the provisions of the act, that it was not intended to provide a remedy for the recovery of the expense previously incurred in the support of minor children whose father had deserted or

neglected to maintain them, but to provide a mode of compelling him to pay a reasonable sum for their future support and maintenance. So far, then, as the complainant has any claim for the past support and maintenance of the defendant's children, his remedy is by an action at common law in which the defendant will be entitled to have the question and extent of his liability determined by a jury, and he cannot be deprived of this right under the summary proceedings authorized by the statute. So much of the decree, therefore, as orders the payment of a specific sum for the previous support and maintenance of the children, is clearly erroneous and must be set aside."

It will be noted that although the reasoning of the opinion would have permitted a recovery for the future support of the children accruing after the institution of the proceedings for maintenance under the Act of 1867, yet as actually entered the judgment of the Supreme Court limited a recovery to the weekly payments accruing after the date of the entry of the order, so that the complainant recovered nothing in those proceedings for the period between March 2, 1871 and September 23, 1871. This decision has been followed in proceedings brought by a wife against her husband for support, even though no remedy by action at common law for her previous support was open to her: Com. v. McMaster, supra; and the rule has been established that the date of entry of the order by the court, following the hearing, fixes the time from which the weekly or monthly payments are to accrue. Hence if the court orders the defendant to pay an unreasonable or exorbitant amount the judgment of this court reversing it relates back to the date of entry of the order: Com. ex rel. Slade v. Slade, 91 Pa. Superior Ct. 533; Com. ex rel. Kramer v. Kramer, 80 Pa. Superior Ct. 210. It would seem to follow that if the court entered an inadequate order or improperly re-

fused to make any order at all, on being reversed by this court, the order for a fair, adequate and reasonable amount for the support of the wife or children should likewise relate back to the date the decree, though erroneous, was made; that it should take effect from the date the court should have made a proper, adequate and reasonable order in place of the erroneous decree entered by it. Otherwise a deserted wife would have no means of subsistence or possibility of recoupment while she was prosecuting her appeal from an inadequate order or from an order refusing her any maintenance and support; and the delay incident to an appeal would always result in benefit to a delinquent husband irrespective of the outcome of the appeal.

Following the rule established in the case of Keller v. Com., supra, and recognized in Com. v. McMaster, supra, we are of opinion that the order should have related to the date of the entry of the decree originally appealed from, November 17, 1927, instead of the date of the rehearing, May 9, 1927, and it is accordingly so modified.

(2) An examination of the record fails to show that the defendant alleged, or desired to present evidence of, any change in his financial condition since the hearing on May 9, 1927, which would justify or require a change or diminution in the order of support. Lacking such allegation and offer of proof, the judgment of this court entered March 1, 1929, on the prior appeal did not contemplate a reopening of the testimony.

The order of the court below is modified so as to date from November 17, 1927, and as so modified is affirmed; it is further directed that the enforcement of this order, from October 8, 1928, the date of the allowance of alimony to the relator, in the same amount, by the court of common pleas No. 2 of Philadelphia County in divorce proceedings, shall be suspended

while the order directing the payment of alimony made by the court of common pleas aforesaid is in force and effect, and the defendant is complying therewith, so that there may be no duplication of payments.

The appellant is ordered to pay the costs.