Adler, Appellant, *v.* Adler.

Submitted March 19, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert H. Arronson, Maurice Freedman* and *Herbert H. Hadra,* for appellant, submitted a brief.

*Samuel Kenin,* for appellee, submitted a brief.

OPINION BY GUNTHER, J., July 17, 1952:

Sylvia Adler, appellant, instituted this action in assumpsit against her husband, Morris Adler, to recover moneys expended by her out of her separate estate for the support of herself and her two minor children from the date of her husband's desertion until the entry of

a support order. Preliminary objections in the nature of a demurrer were sustained by the court below. The wife has appealed from the entry of judgment for the husband.

Appellant's complaint avers, *inter alia,* that the parties were married on June 28, 1936; that two children were born to the parties; that defendant deserted his wife and children on June 17, 1950, and since that date has failed and refused to support appellant and their children. Appellant averred that she ". . . was obligated to furnish food, clothing and other necessaries for the maintenance and support of herself and their two minor children, at her own cost and expense out of her own separate and individual estate". There followed an itemized statement of expenditures made by appellant.

The pivotal question is whether a deserted wife may maintain an action in assumpsit against her husband to recover moneys expended by her out of her separate estate for support, maintenance and necessaries for herself and their children. The court below concluded that no such right of action existed in favor of the wife; that the Married Women's Property Acts provided that the wife could sue her husband to recover property in the "possession or control" of the husband but not for sums expended for maintenance or for necessaries.

At common law such an action as here instituted was not maintainable by a wife against her husband, but the Married Women's Property Acts change the common law rule. The Act of June 8, 1893, P. L. 344, §3, as amended by the Act of March 27, 1913, P. L. 14, §1, 48 PS §111 provides that "Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceed-

ing for divorce, or in a proceeding to protect and recover her separate property . . .". The Act of May 1, 1913, P. L. 146, §1, 48 PS §114 provides: "From and after the passage of this act, any wife, who has been deserted, abandoned, or driven from her home by her husband, may sue her husband civilly, in any court of this Commonwealth having the jurisdiction, upon any cause of action now existing or hereafter accruing, with like effect as if such wife were a feme sole . . .".

The husband is under a legal duty to provide his wife and children with necessaries suitable to their condition; quite obviously the husband's duty to support his family has not been changed by the legislation referred to. The wife could have enforced such liability on behalf of the children and on her own behalf, provided her conduct had not barred her from support under well-settled principles. Cf. *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 229, 57 A. 2d 720. Here, appellant secured an order of support for herself and her children on June 12, 1951, so that the question of whether the wife is entitled to support or whether she left without legal cause has therefore been adjudicated in her favor. Where the husband neglects his duty of support, one who supplies such necessaries is considered as having conferred a benefit upon the delinquent husband for which the law raises, on the part of the husband, an implied promise to pay. Cf. Restatement, Restitution, §§76, illustration 5, 113-117. Where, as here, a deserted wife has used or applied her own separate estate in the discharge of an obligation resting primarily on the husband, the law imposes a quasi-contractual relationship to reimburse the deserted wife for expenditures which she had expended from her separate estate in providing herself with support in a manner in keeping with his financial circumstances and earning power. Cf.

*Dunn v. Dunn,* 27 D. & C. 716; *DeBrauwere v. De-Brauwere,* 203 N. Y. 460, 96 N. E. 722.

Although this precise question has never been before our appellate courts, the clear and obvious language of the statutes conferring on married women control of their separate property and the capacity to sue and be sued leaves no doubt but that such right exists in favor of the wife. It is interesting to observe that there has been an unanimity of judicial thinking in the lower courts upholding the wife's right to reimbursement in these circumstances. Cf. *Dunn v. Dunn,* 27 D. & C. 716; *Clark v. Clark,* 17 D. & C. 500; *Mull v. Mull,* 13 Som. L. J. 234; *Shaffer Estate,* 68 D. & C. 351, 357; *In Re Hannon,* 52 D. & C. 160. See *Commonwealth ex rel. v. Caughey,* 76 D. & C. 305 at 307 wherein the Court said: "In Pennsylvania we have established the wife's right to sue him in assumpsit in any civil court of competent jurisdiction for past sums advanced by her for her maintenance or that of their children." Cf. *Turner v. Turner,* 169 Pa. Superior Ct. 120, 82 A. 2d 320, where a deserted wife's right to sue her husband was implied where she sought to recover payments she made to third persons out of her own separate funds for repairs and improvements to premises owned by her husband. In *Dunn v. Dunn,* 27 D. & C. 716, the wife instituted suit in assumpsit for moneys expended out of her separate estate for her support and the support of children. The court, in upholding this right, said at page 717: "A husband and father is under a natural obligation to furnish necessaries of life to his family, suitable to their condition, and if he neglect that duty, the person who supplies such necessaries is deemed to have conferred a benefit upon him for which the law raises on his part an implied promise to pay. Plaintiff, having applied her separate estate to the fulfillment of the obligation resting primarily

on her husband, is entitled to recover from him such sum as he would have been compelled to expend in discharge of his obligation."[1]

Judgment reversed and record remitted with directions to the court below to require defendant to answer on the merits.

---

[1] The rule as here announced is the settled rule in other jurisdictions. See excellent note in 117 A.L.R. 1181; 26 *Am. Jur. Husband and Wife*, §343.