MacDougall, Appellant, *v.* MacDougall.

Argued September 29, 1959. Before JONES, C. J.,
BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

*Carl E. Glock,* with him *David McNeil Olds,* and
*Reed, Smith, Shaw & McClay,* for appellant.

*James M. Arensberg,* with him *Patterson, Crawford,
Arensberg & Dunn,* for appellee.

OPINION BY MR. JUSTICE MCBRIDE, November 9,
1959:

This is an appeal from an order of the Court of
Common Pleas of Allegheny County sustaining pre-
liminary objections to plaintiff's complaint in equity.

The plaintiff, as mother and next friend of three
minor children, sought a decree for periodic support
payments by a nonresident father to be enforced
against a trust fund established as collateral security
for such support within the jurisdiction of the court.
The mother and father are divorced, the father being
now a resident of California. Since the divorce, both
plaintiff and defendant have remarried and the chil-
dren live with their mother in Westmoreland County,
Pennsylvania. Before their divorce, they entered into
a voluntary separation agreement which provided for
the support and custody of the children. It is of no

consequence that it has terminated or that it authorized suit thereafter in "any proper Court". The only question presented is whether plaintiff has proceeded in the proper court upon which decision must be made under principles of law not on voluntary consent.[1]

The court below held that the plaintiff had no cause of action under the Act of May 23, 1907, P. L. 227, as amended, 48 P.S. §131,[2] because the complaint did not allege a necessary element of the court's jurisdiction, i.e., separation without reasonable cause. The court also held that in view of the facts stated in the complaint it would not be possible for plaintiff to amend so as to supply the missing defect. The plaintiff, on the other hand, claims that the Act of 1907, *supra,* gives her children the right to sue their father for support in the Court of Common Pleas of Allegheny County without alleging separation without reasonable cause, and that it is enough that he has failed to provide adequate support for them. Defendant does not question the basic duty of a father to support his children; rather, he contends that that duty cannot, in

[1] It is not contended that the County Court has exclusive jurisdiction. See *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 6 A. 2d 571; *Du Puy Estate*, 373 Pa. 423, 96 A. 2d 318.

[2] The Act, as amended in 1955, provides (48 P.S. §131) : "If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where the wife or children are domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand, and in such action, at law or in equity, the husband and wife shall be fully competent witnesses."

this instance, be determined by the Court of Common Pleas of Allegheny County under this particular statute. The 1955 amendment to this Act covered support of children specifically for the first time. However, prior to that time, although the Act mentioned only support of a wife, this court had interpreted it so as to extend its benefits to actions for support of children. *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 6 A. 2d 571.

Plaintiff contends that in reading the Act the word "and" should not be construed as meaning "in addition to" or "as well as" but rather must be interpreted as "or" so that if a husband has either separated himself from his children without reasonable cause *or* has neglected or refused to provide suitable maintenance for them, the Court of Common Pleas has jurisdiction. With this contention we cannot agree. The plain words of a statute cannot be disregarded under the pretext of accomplishing even a good purpose particularly where the language is clear and free from all ambiguity. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, Art. IV, §51, 46 P.S. §551; *Commonwealth v. Sun Ray Drug Company*, 360 Pa. 230, 61 A. 2d 350. Also the title to the 1955 amendatory act was: "An Act Amending the act of May twenty-three, one thousand nine hundred seven (Pamphlet Laws 227), entitled 'An act relating to husband and wife, and to enlarge the rights and remedies of married women in case of desertion or non-support by husbands,' *including desertion of children* and extending the right of action." (Emphasis supplied) The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, Art. IV, §54, 46 P.S. §554, provides: "The title and preamble of a law may be considered in the construction thereof . . .".

From its inception this statute was one creating a special procedural right in equity in addition to the

common law right of the wife to support by her husband. The children were added as proper parties plaintiff but only where their father has separated himself from them without reasonable cause. The offense to the marriage, the desertion of the husband-father, is still the basis of the right of action now given the children. Without such an allegation in the complaint the Court of Common Pleas of Allegheny County has no jurisdiction.[3]

However, this action was dismissed with no opportunity given to plaintiff to amend. Even in light of our interpretation of the Act of 1907, *supra,* plaintiff was entitled to such opportunity. The lower court presumed that the separation and support agreement signed by the parents established that the father did not separate himself from his children without reasonable cause, and that a good complaint *could not* be pleaded. Such a conclusion is not warranted. A consensual separation of husband and wife, with or without reasonable grounds, does not necessarily mean that the father had reasonable ground for leaving his children. While it is true that contracts of husband and wife, if fairly made, are generally considered binding as to them, a mother cannot by contract bargain away the right of her minor children to adequate support from their father irrespective of the legality of the agreement between the parents themselves. *Commonwealth ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887.

The order of the court below is reversed and the cause remanded for further proceedings, with direction to permit plaintiff to amend, if she can, to plead a good cause of action, in accordance with this opinion.

Reversed and remanded.

---

[3] It is not averred either that the marital domicile was Allegheny County or that the children are resident there.