Commonwealth ex rel. Krouse, Appellant, *v.*
Krouse.

Argued December 8, 1971. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Martin J. Cunningham, Jr.,* with him *Henderson, Wetherill, O'Hey & Horsey,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY HOFFMAN, J., March 24, 1972:

In this appeal wife-appellant maintains that the lower court erred in refusing to enter an order for her support against her husband. Appellant's petition for support was brought pursuant to the Civil Procedural Support Act, the Act of July 13, 1953, P. L. 431, §1, 62 P.S. 2043.31 et seq.

The facts in the case are not in dispute and are set forth in the lower court's opinion as follows: "[a]t the time of the hearing, the Court made the following findings of fact: '. . . that the defendant, or Mr. Krouse, gave to Mrs. Krouse the parties' jointly-owned property at or about the time of their separation; that Mr. Krouse is currently paying $2,100.00 a year for schooling and transportation for the parties' son; that Mr. Krouse has indicated that he will pay for the college education of the parties' daughter; that testimony has been given and found to be factual that the Green Valley Country Club facilities have remained open to Mrs. Krouse; that Mr. Krouse, since his separation, has paid an orthodontist's bill for his daughter; that Mr. Krouse, since the separation, has purchased clothing and provided allowances for the children; that Mr. Krouse, since the separation, has provided as recently as yesterday an Oldsmobile 98 for Mrs. Krouse, which replaced a Cutlass which, prior to that time, Mr. Krouse had provided for Mrs. Krouse; that Mrs. Krouse has taken unto herself the $4,300.00 refund check arising from the refund on the 1970 Income Tax Return of the parties; that Mrs. Krouse testified that she herself re-

ceives approximately $1,500.00 a year income from a trust fund [and] that Mr. Krouse is paying $1,000.00 plus air fare for a special reading camp for the parties' son [.]' "

Based on these findings the Court concluded that "Mr. Krouse has continuously and generously provided support for his wife and children in the life style to which they are accustomed. There was absolutely no testimony or indication that Mr. Krouse intends to flee the jurisdiction, or otherwise avoid his obligation to his family. The mere filing by a wife of a petition for support, without more, certainly does not justify the court in entering an order against the husband; particularly where, as in this case, the husband is applying a portion of his income equal to or greater than any order which the court might enter; and, where the wife, as here, failed to sustain the suggestion that her husband is hiding income or assets."

The substantive right of a wife to support is determined both under the common law and the Act of June 24, 1939, P. L. 872, §733, as amended, 18 P.S. 4733. *MacDougall v. MacDougall*, 397 Pa. 340, 155 A. 2d 358 (1959). This substantive right may be enforced through the procedure provided by either the Civil Procedural Support Act or the Act of May 23, 1907, P. L. 227, §2, as amended, 48 P.S. 132. The Civil Procedural Support Act provides no substantive rights, as it was "not intended to create new rights of support." *Commonwealth ex rel. Jones v. Jones*, 216 Pa. Superior Ct. 1, 4, 260 A. 2d 809 (1969).

The Act of 1907 is also a procedural law. It allows a wife to proceed in equity where her husband has both separated from her *and* neglected to support her. This Act, however, was not intended to exclude the wife's right to obtain a support order under the Civil

Procedural Support Act.[1] See *MacDougall*, supra, and *Brenner v. Sukenik*, 410 Pa. 324, 189 A. 2d 246 (1963).

The substantive right of a wife to obtain an order of support pursuant to the provisions of the aforementioned Act of 1939 exists where the husband has separated from the wife without reasonable cause.[2] There is no requirement that the husband neglect the wife or fail to provide for her maintenance in order for the order to be entered. Instead, as stated in *Commonwealth ex rel. Sanders v. Sanders*, 111 Pa. Superior Ct. 202, 205 (1933), "[t]his act [the predecessor act of 1867] is broader and more comprehensive than the prior legislation in force on the same subject, and was intended to permit redress for any wife who had been deserted by her husband, irrespective of whether she was likely to become a 'charge upon the district' which seemed to be one of the principal moving causes underlying [the poor laws.]

. . .

"The Act of 1867 makes but one jurisdictional requirement, namely, that the husband, . . . be 'within the limits of this Commonwealth', and the causes [which entitle the wife to an order of support] are *two and separate;* either (1) that 'he has or hereafter shall separate himself from his wife or from his children, or from his wife and children', or (2) 'shall neglect to maintain his wife or children'." 111 Pa. Superior Ct. at 205, 206.[3]

---

[1] The Civil Procedural Support Act provides in relevant part that "[t]he proceedings provided by this act are in addition to and not in substitution of proceedings provided by law where there is desertion or a failure of duty to support." 62 P.S. 2043.33.

[2] The Act of 1939 was a consolidation of the Act of April 13, 1867, P.L. 78, §1.

[3] See also the Act of July 12, 1913, P. L. 711, §11, as amended, 17 P.S. 694, which provides for criminal jurisdiction to be vested in specified courts "in all proceedings brought against any husband

Our Court recently reiterated the *Sanders* holding in *Commonwealth ex rel. Iezzi v. Iezzi*, 200 Pa. Superior Ct. 584, 190 A. 2d 334 (1963). We indicated in *Iezzi* that where a husband separates from his family, an order properly lies insofar as he then "forfeited his position as head of the household". A husband who is living apart from his family may avoid having a support order entered against him only where he can show "conduct on the part of the wife, which would constitute valid grounds for a divorce; Commonwealth v. Deose, 194 Pa. Superior Ct. 466, 168 A. 2d 791; Commonwealth ex rel. McCuff v. McCuff, 196 Pa. Superior Ct. 320, 175 A. 2d 124." *Commonwealth ex rel. Iezzi v. Iezzi*, supra, at 587.

Having been granted the right to an order of support by the Act of 1939, the wife in the instant case may enforce this right by proceedings brought under the Civil Procedural Support Act. By its very terms, the Civil Procedural Support Act requires that a complaint set forth the "date and circumstances of separation *or* the failure to support." 62 P.S. 2043.35.[4]

It should further be noted that there are substantial policy reasons for allowing a wife, separated from her husband, to obtain a support order. It is demeaning for an estranged wife to depend on the largess of her husband who is under a duty to support her. In such circumstances the wife is denied the economic security

---

. . . wherein it is charged that he has without reasonable cause separated himself from his wife or children. . . ."

[4] Since the Act of 1939 provides the wife with a right to an order of support where she is separated from her husband but not neglected by him, it is unnecessary for us to determine if the wife would have an enforceable right to support under the common law. An attempt to distinguish between support rights under the common law and under the Act of 1939 would be difficult insofar as the cases in this area are not explicit as to whether the wife's claim is cognizable at common law, or under the Act of 1939.

of knowing that an order, which is enforceable through the far-reaching attachment powers of the court, has been entered for her support. Without such an order, the wife is at the mercy of the husband's whim or caprice. The acuteness of this problem is best dramatized by the plight of a wife without a support order, whose separated husband flees the jurisdiction. The procedures available to her in obtaining out of state enforcement of the husband's support obligation are much more cumbersome and inefficient than would be the case if she had a pre-existing Pennsylvania support order. See the Uniform Reciprocal Enforcement of Support Law, The Act of May 10, 1951, P. L. 279, as amended, 62 P.S. 2043.1, 2043.30a-2043.30f.

Accordingly, the order of the lower court is vacated and this case is remanded to the lower court for the entrance of an appropriate order of support.