**Scott v. Scott**

*Robert W. Geigley,* for plaintiff.
*John W. Phillips,* for defendant.

MacPHAIL, P. J., June 19, 1972.—In this action, plaintiff seeks to recover moneys alleged to have been earned and spent by her during the period of coverture for the maintenance of herself, her children and the husband-defendant. There is no allegation in the complaint that plaintiff and defendant are, or ever have been, living separate and apart from one another or that defendant deserted plaintiff.

Defendant has filed preliminary objections in the nature of a demurrer, a motion to strike and a petition raising the question of the lack of capacity to sue.

## DEMURRER

It is well settled in Pennsylvania law that a deserted wife may recover from her husband for expenditures she made from her separate estate while supporting herself and her children: Adler v. Adler, 171 Pa. Superior Ct. 508 (1952). Where the parties are living together, however, a different rule applies. It has always been held that while a husband and wife are living together in perfect comity, the receipt by the husband of the separate income of the wife may be treated as a gift of that separate income to him, to be applied for the joint benefit of himself and his wife as for the maintenance of their household and the like and there can be no recovery from the husband in the absence of an agreement to reimburse: Hauer's Estate, 140 Pa. 420 (1891). The same rule applies where the wife voluntarily makes expenditures for the maintenance of the family: 41 Am. Jur. 2d, Husband and Wife, sec. 335.

Here, plaintiff has pleaded that defendant authorized plaintiff to make the necessary expenditures with a "promise of reimbursement" and that defendant "promised to share the title of his capitalized home and farm with his wife." If defendant did promise to reimburse plaintiff or if he induced her to make these expenditures in reliance upon unfulfilled promises, it may well be that plaintiff can recover. At least, plaintiff has stated a cause of action which is all that we have before us now. The demurrer will be overruled.

## MOTION TO STRIKE

Plaintiff's amended complaint states in paragraph 6 that plaintiff was forced and coerced to maintain, "and by reason of fraud" did maintain herself and her family to the deprivation of her own separate estate. Pennsylvania Rule of Civil Procedure 1019(b) requires that averments of fraud shall be made with particularity. We agree with defendant that this averment does not meet that requirement of the rules. While the more appropriate objection would be a motion for a more specific complaint, we will sustain the motion to strike.

Plaintiff also says in her complaint that at least two "procedures" on the part of defendant accounted for plaintiff's present predicament. Defendant argues that the "procedure" specified by plaintiff in the complaint really constitute separate causes of action and, therefore, objects that they are not set forth in separate counts as required by Pa. R. C. P. 1020(a). Again, we agree. Plaintiff appears to be saying that there are several reasons why she can recover. Each of these reasons, in fact, constitutes a separate cause of action and should be set forth in a separate count. While we recognize that this will require additional pleading, time and expense for plaintiff, it must also be recog-

nized that her suit is a novel one and unless it has been clearly pleaded, the ultimate trial will be a shambles.

In passing, we also note that plaintiff's amended complaint does not specify whether the action is at law or in equity and does not specify, if it is at law, whether it is an action in assumpsit, trespass, etc.

## LACK OF CAPACITY TO SUE

Under the so-called Married Women's Property Acts, the wife may sue her husband for expenditures made by her from her separate property during coverture. Whether she can recover, of course, will depend upon whether she can overcome the presumption of gift as hereinbefore previously set forth. In any event, she does have the capacity to sue her husband on this cause of action.

## ORDER OF COURT

And now, June 19, 1972, defendant's motion to strike as to points 4 and 6 is sustained. In all other respects the preliminary objections of defendant are overruled. Plaintiff is granted 20 days from this date to file a second amended complaint.