389 A.2d 1101

**Mary Lou ROSENBERRY**

v.

**Edgar J. ROSENBERRY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1977.

Decided July 12, 1978.

238

David C. Cleaver, Chambersburg, with him Robert C. Schollaert, Chambersburg, for appellant.

William R. Mark, Shippensburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court had no authority to enter an order against him for the support of his three children effective from the date that appellee filed her equity complaint. We agree, vacate the order of the lower court, and remand for proceedings consistent with this opinion.

On February 25, 1975, appellee filed a complaint in equity in the Cumberland County Court of Common Pleas. The complaint charged that on or about May 1, 1974, appellant, without reasonable cause, deserted appellee and the parties' three children. Since the desertion, appellant had neglected to provide suitable maintenance for appellee and the children. The complaint also alleged that appellant owned personal and real property in Cumberland County. For her relief, appellee requested the court to enter an appropriate support order for herself and her three children and also asked the court to order appellant to reimburse appellee for funds expended from her separate estate in supporting her family during her husband's desertion. In order to assure the availability of these remedies, appellee requested the lower court to seize appellant's varied property interests in Cumberland County and to enjoin appellant from alienating, encumbering, or assigning these interests.

On March 18, 1975, appellant filed preliminary objections to the complaint. On April 16, 1975, the court dismissed these objections and allowed appellee 20 days to file an

amended complaint if she so desired. On May 1, 1975, appellee filed an amended complaint. While the amended complaint replicated almost all the material averments of the original complaint, appellee specifically averred that she sought relief pursuant to sections 1 and 2 of the Act of 1907.[1] Pursuant to this Act, she again requested the entry of an appropriate support order plus reimbursement for past expenditures for support from her separate estate.

On May 24, 1976,[2] appellant filed an answer to the amended complaint in which he denied that he deserted his family without cause, that he did not adequately support his family, and that he had any property in Cumberland County. In New Matter, appellant pleaded a July 7, 1975 Florida divorce decree which terminated any obligation he might have to pay support on appellee's behalf.

On June 29, 1976, the lower court conducted a hearing on appellee's complaint.[3] On August 25, 1976, the lower court entered an order which directed appellant to pay $1000 per month for the support of his three minor children. The court specified that the order became effective on February 25, 1975, the date appellee filed her first complaint. On September 14, 1976, appellant filed exceptions to the court's order challenging the amount of the award and the propriety of relating the award back to the date appellee filed her complaint. On March 28, 1977, the Cumberland County Court of Common Pleas, sitting en banc, entered a final decree which dismissed appellant's exceptions and confirmed the lower court's support order. This appeal followed.

Appellant asserts that the lower court did not have power under the equity jurisdiction provided by the Act of 1907 to

1. Act of May 23, 1907, P.L. 227 § 1 et seq., as amended, 48 P.S. § 131 et seq.

2. The delay in filing an answer was caused by the taking of depositions and the resolution of a dispute over the lower court's jurisdiction.

3. Because neither party on appeal contests the *amount* of the support order, we need not recapitulate the parties' testimony concerning their respective abilities to contribute to the support of their offspring.

enter a support order effective on the date appellee filed her complaint. The Act of 1907 provides that if any man [4] shall separate himself from his wife without reasonable cause, and is able to support his wife and children but does not do so, the wife is empowered to bring an action, at law or in equity, against her husband for maintenance.[5] The Act further provides that the wife may proceed against any real or personal property of the husband within the court's jurisdiction which is necessary to the suitable maintenance of the wife and children and that the court may direct a seizure and sale or mortgage of all or part of the husband's estate in order to provide sufficient funds to discharge the husband's obligation.[6] Appellant contends that our interpre-

4.  Although the issue is not raised, we note that our Supreme Court has held that a presumption that the father must accept the principal burden of financial support for minor children, solely because of his sex, and without regard to the relative financial ability of both parents, is a violation of Article I, § 28 of the Pennsylvania Constitution. See *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). See also *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975). The Act of 1907 and the decisions interpreting it speak of masculine and feminine rights and duties, which may have lost their validity after the Supreme Court's decision in *Conway v. Dana, supra.*

5.  48 P.S. § 131 provides: "If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where the wife or children are domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand, and in such action, at law or in equity, the husband and wife shall be fully competent witnesses."

6.  48 P.S. § 132 provides: "Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife or children, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife or children, proceedings may be had against any property real or personal of said husband necessary for the *suitable maintenance of the said wife or children;* and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such

tation of these provisions in *Jenkins v. Jenkins,* 246 Pa.Super. 455, 371 A.2d 925 (1977), precludes the award of support for any time period prior to the entry of the court order.[7] This contention requires a detailed examination of *Jenkins.*

In *Jenkins,* plaintiff-wife filed a complaint in assumpsit against her husband pursuant to the Act of 1907 in which she alleged that her husband had deserted her and the parties' child and had neglected to support them adequately. Because she had already obtained an outstanding support order against her husband under the Civil Procedural Support Act,[8] Ms. Jenkins only requested the court to enter a support order effective between the date her husband deserted her and the date she obtained her prior support order. The lower court dismissed her complaint for two reasons. First, when she obtained the prior support order, Ms. Jenkins litigated her husband's support obligations and did not request or receive support retroactive to the date of desertion. Second, the Act of 1907 does not envision support orders effective prior to the date of entry. On appeal, our Court affirmed the order of the lower court.

■■ Our analysis in *Jenkins* recognized that the Act of 1907 contemplated two distinct types of action, one *in personam* and one *in rem.* The first action allows a deserted wife to recover from her husband any money expended from her separate estate for the suitable maintenance and support of her children and of herself, unless the wife's conduct barred her support. See also *Gessler v. Gessler,* 181 Pa.Su-

maintenance; and service upon the defendant shall be made as in other actions, at law or in equity, or in the manner provided in the act of General Assembly, entitled 'An act to authorize the execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on the defendants not resident or found therein', approved the sixth day of April, one thousand eight hundred and fifty-nine (Pamphlet Law 387)."

7. Stated somewhat more concretely, appellant contends that the lower court lacked power to order support payments of $1,000 per month from February 25, 1975, the date appellee filed her complaint, to August 25, 1975, the date of the lower court's support order. Thus, the amount in controversy here is $18,000.

8. The Act of July 13, 1953, P.L. 431, § 1 et seq.; 62 P.S. § 2043.31.

per. 357, 124 A.2d 502 (1956); *Adler v. Adler,* 171 Pa.Super. 508, 90 A.2d 389 (1952). The second action created by the Act of 1907 permits a deserted wife to sue her husband *in rem* for *future support.* The court may order that the husband's real and personal property within its jurisdiction be sold to create a fund sufficient for the family's support. See also *Crane v. Crane,* 373 Pa. 1, 95 A.2d 199 (1953); *Jones v. Jones,* 344 Pa. 310, 25 A.2d 327 (1942). The facts averred in the complainant's petition will determine whether the action is a proceeding *in personam* to recover past expenditures made from the complainant's separate estate or a proceeding *in rem* to secure future support payments. The hearing court should grant relief to the extent of its power. *Eldredge v. Eldredge,* 128 Pa.Super. 284, 194 A. 306 (1937).

After establishing that the Act of 1907 contemplates two different types of action, our Court in *Jenkins* determined that an award entered in an *in rem* support action could not be made effective prior to the date of its entry.

■ "Until the adoption of the Civil Procedural Support Act, . . . which allows an order of support to be made effective from the date of the filing of the complaint, all order of support were made effective from the date of the order. See *Keller v. Commonwealth,* [71 Pa. 413 (1872)]; *Commonwealth ex rel. Eppolito v. Eppolito,* 245 Pa.Super. 93, 369 A.2d 309 (Filed November 22, 1976); *Commonwealth ex rel. Bishop v. Bishop,* 234 Pa.Super. 600, 341 A.2d 153 (1975); *McGavic v. McGavic,* 222 Pa.Super. 246, 294 A.2d 795 (1972); *Commonwealth ex rel. Herman v. Herman,* 97 Pa.Super. 453 (1929); *Commonwealth v. MacMaster,* 88 Pa. Super. 37 (1926). Although the Act of 1907 does not specify when support orders made under its authority are to be effective, it is important to remember that the Act of 1907 changes the common law disability of a wife to pursue her own support action without resort to the penal law. We are required to give narrow construction to all acts of the Legislature adopted prior to May 28, 1937, which are in derogation of the common law. Act of May 28, 1937, P.L. 1019, art. IV, § 58; 46 P.S. § 558. See *Wallaesa v. Wallaesa,*

174 Pa.Super. 192, 100 A.2d 149 (1953). We must, therefore, presume that the Act of 1907 did not disturb the well-established rule that support orders were prospective from the date of the order only. *Keller v. Commonwealth, supra.*

We are supported in the conclusion that the Act of 1907 did not change the law regarding retroactivity of support orders by two cases which have interpreted the Act. In *Jones v. Jones*, 348 Pa. 411, 35 A.2d 270 (1944), a New York resident appeared specially to contest the jurisdiction of the Pennsylvania court in an action brought by his wife under the Act of 1907 to attach his interest in certain trust estates which were vested subject to divestment if he predeceased his mother. See *Jones v. Jones*, 344 Pa. 310, 25 A.2d 327 [1942]. After protracted litigation involving three appeals to our Supreme Court, the Court finally entered a support order and made it effective from the date of the order of the lower court from which the first appeal was taken. Citing *Keller v. Commonwealth, supra; Commonwealth ex rel. Herman v. Herman, supra.* Thus, in affixing the earliest possible effective date of the support order for an action brought under the Act of 1907, the Supreme Court chose to adopt the practice of prior cases brought under the criminal support statutes.

"In *Gessler v. Gessler, supra* 181 Pa.Super. at 361, 124 A.2d at 505, our Court recognized that '[s]ection 2 of the Act of 1907 provides for an action *in rem* against the husband's property in a proceeding for *future* "suitable maintenance" of the wife; it does not prescribe the procedure for the collection of the value of necessaries which had been supplied for the support of the wife and minor children.' (Emphasis in original). The Court clearly characterized the two actions authorized by the Act as an action for *future* support and an action for past expenditures. We, therefore, conclude that to the extent that a court characterizes an action brought under the Act of 1907 as one for support, an award may be granted only prospectively from the date of the order. Cf. *Jones v. Jones, supra* ; *Gessler v. Gessler, supra.*"

(Footnote omitted). *Supra* 246 Pa.Super. at 462, 371 A.2d at 928–29. See also *Norris v. Norris,* 63 D & C 2d 239 (1974).[9]

■ Appellee seeks to distinguish *Jenkins* because her action is in equity rather than in assumpsit. However, we believe that this distinction does not make a difference under the Act of 1907. The legislature enacted this statute against a firmly established common law backdrop which mandated that all support orders be prospective from the date of the order. We may not presume that the legislature intended to deviate from this well-established principle. *See* The Act of May 28, 1937, supra. Furthermore, *Jenkins'* reliance on *Jones v. Jones,* 348 Pa. 411, 35 A.2d 270 (1944), *an equity proceeding,* is particularly instructive. In sum, by providing for equity jurisdiction in the Act of 1907, the legislature created procedural equitable rights, such as attachment of a husband's property in an *in rem* action, but did not expand the court's power to include the awarding of retroactive support. See *MacDougall v. MacDougall,* 397 Pa. 340, 155 A.2d 358 (1940); *Norris v. Norris, supra.*[10]

■■ An application of the holding of *Jenkins* to the instant case demonstrates the lower court's lack of power to enter a support order effective on the date that appellee filed her first complaint. Accordingly, we vacate the lower court's support order and remand for the entry of a support order effective as of August 25, 1976, the date the lower court entered its original order. · However, our inquiry under *Jenkins* does not yet terminate. The Act of 1907 also

9. In *Norris,* an equity case, Judge STERN of the Philadelphia County Court of Common Pleas vacated the portion of a decree nisi which had provided for the payment of past support from the date of desertion to the date of that decree. Judge STERN expressly held that the Act of 1907 does not permit retroactive support orders.

10. While the Act of 1907 does not authorize retroactive support orders, we reiterate that the Civil Procedural Support Act does approve the entry of a support order effective as of the date a complainant commences an action. Also, the Act of 1907 allows a spouse to recover for expenditures necessary for support during the period between the date of desertion and the date of the support order's entry. Thus, a deserted spouse is not wholly bereft of remedies against her husband prior to the entry of a support decree.

authorizes an action to recover for expenditures from a deserted wife's separate estate which were necessary to support herself and her children during her husband's desertion and prior to the entry of a support order. To the extent that a plaintiff alleges and proves that she made such expenditures, the court should grant relief. *Eldredge v. Eldredge, supra.* In *Jenkins,* the plaintiff-wife did not allege or prove any expenditures from her estate during the period of her husband's desertion. In contrast, the instant appellee made the requisite allegations in her original and amended complaints and presented evidence relevant to these claims at the June 29, 1976 support hearing.[11] Consequently, on remand, the lower court should determine whether, and in what amount, appellee is entitled to recover for past expenditures for her family's support during her husband's desertion.

Order vacated and case remanded for proceedings consistent with this opinion.

SPAETH, J., files a concurring and dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

In *Jenkins v. Jenkins,* 246 Pa.Super. 455, 371 A.2d 925 (1977), the majority opinion stated that the Act of 1907 authorizes two distinct types of action: under section 1 of the Act, an action *in personam* to recover past expenditures; and under section 2, an action *in rem* for future support. I disagreed with this statement, but because it did not seem essential to the decision, I concurred in the majority's re-

---

**11.** For example, appellee testified that she cashed in an $848 life insurance policy in her name and spent the proceeds in order to support her children. She also paid a car repair bill for an unspecified amount. Finally, appellee depleted the $516 in her children's savings account. We express no opinion as to whether appellee is entitled to recover for these or other expenditures pursuant to her *in personam* claim under the Act.

sult.[1]  Here the distinction drawn by the majority in *Jenkins* is essential to the decision.  I shall therefore try to explain my disagreement with it.

In *Gessler v. Gessler,* 181 Pa.Super. 357, 124 A.2d 502 (1956), this court held that under section 2 recovery may be had for future support only.  I submit that a comparison of section 2 with section 1 will disclose no basis for holding now that while section 2 looks to the future, section 1 looks to the past.  The only difference I can find in the two sections is procedural:  section 1 authorizes an *in personam* action, section 2, an *in rem* action.[2]  Here, the majority holds that under section 2, appellee is entitled to future support.  I agree.  However, the majority also holds that under section 1, appellee may be entitled to recover past expenditures.  I disagree.  Like section 2, section 1 looks to the future only.  Consequently, in my opinion, appellee may not recover past expenditures under section 1.

I grant that *Gessler v. Gessler, supra,* is somewhat unclear.  In *Gessler* this court observed that "sections 1 and 2 of the Act must be construed together  . . .." 181 Pa.Super. at 361, 124 A.2d at 505.  Then the court stated that

1.  In *Jenkins* the plaintiff was deemed by the majority to have sued only for support, not for past expenditures.  (The majority noted that even if the complaint were construed as in assumpsit for past expenditures, it failed because it alleged no such expenditures.)  The majority held that the plaintiff could not be awarded support retroactive to the date of her husband's desertion, because an award under the Act of 1907 may be effective only from the date of the order, and also because she was barred by *res judicata*.  Thus the issue of recovery for past expenditures was not presented.

2.  Indeed, leaving aside the procedural language of the two sections, the difference between them suggests, not that section 1 authorizes an award of past expenditures and section 2 only future support, but the opposite.  Section 1 reads: "If any man *shall* separate himself . . . and *shall* neglect to provide suitable maintenance . . ., the . . . court . . . shall make and enforce such orders and decrees as the equities of the case demand  . . .." (Emphasis added.)  Section 2 reads: "Whenever any man . . . *has* neglected or refused *or shall* neglect or refuse to provide suitable maintenance . . ., proceedings may be had against any property real or personal of said husband for the suitable maintenance . ..." (Emphasis added.)

[s]ection 2 provides for an action *in rem* against the husband's property in a proceeding for *future* "suitable maintenance" of the wife; it does not prescribe the procedure for the collection of the value of necessaries which had been supplied for the support of the wife and minor children.

*Id.* (footnote omitted).

I do not read this sentence as implying a distinction between sections 1 and 2 in the sense that because section 2 looks to the future, therefore section 1 looks to the past. Rather, the court discussed the scope of section 2 because section 2 was the only section arguably relevant to the *in rem* proceeding before the court. In other words, the court found no need to discuss the scope of section 1, and to observe that it, like section 2, provides an action "for *future* 'suitable maintenance' " only.

If my reading of *Gessler* is correct, no case law supports the majority's reading of sections 1 and 2. (*Adler v. Adler,* 171 Pa.Super. 508, 90 A.2d 389 (1952), cited by the majority in *Jenkins,* did not involve the Act of 1907.) It only remains, therefore, to apply settled principles of statutory construction. As stated above, a comparison of the language of one section with the language of the other will disclose no basis for the distinction drawn by the majority. Furthermore, I can imagine no reason why the legislature would want to draw the distinction. Why should an *in personam* action look only to the past, and an *in rem* action only to the future? There is no logical connection between the temporal difference and the procedural difference; one difference, therefore should not determine the other.

This is not to say that a wife[3] has no recourse to recover past expenditures made by her after desertion by her husband. Both *Gessler v. Gessler, supra,* and *Adler v. Adler, supra,* make clear that she may bring an action under common-law theories of restitution or quasi-contract. Here, however, appellee sued only under the Act of 1907.

---

3. I have spoken in terms of a wife's suit against a husband (rather than a spouse's suit against a spouse) only because that is the case here. *See* Pa.Const. art. 1, § 28.

I therefore concur in the majority's order "vacat[ing] the lower court's support order and remand[ing] for the entry of a support order effective as of August 25, 1976, the date the lower court entered its original order," Majority Opinion at 1106, but I dissent from the majority's order remanding for a determination of past expenditures.