427 A.2d 212

**Emrika-Joy COCCIA and Emrica-Marie Coccia, a minor, by Emrika-Joy Coccia, her mother and natural guardian, Appellants,**

v.

**David COCCIA.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed March 13, 1981.

John J. Petrush, Beaver Falls, for appellants.

Gerald E. Crowley, Ellwood City, for appellee.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

WIEAND, Judge:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer. The issue is whether an action in equity to enforce a duty of support against appellee's real estate is barred by the existence of a support order entered against appellee in another county pursuant to the Civil Procedural Support Law. The trial court held that appellant's action in equity was barred by the existence of such an order and dismissed the complaint. We disagree and reverse.

Emrika-Joy Coccia, the appellant herein, filed a complaint in equity on behalf of herself and a minor child in which she alleged that David Coccia, her husband and the appellee herein, had separated himself from his family and had neglected or refused to provide suitable support and maintenance. The complaint alleged further that David Coccia owned an interest in certain real estate situated in North Sewickley Township, Beaver County. Appellant asked that a judgment be entered for the amount of expenditures for necessaries which she had made from her separate estate. She also requested that appellee's interest in such real estate be sold and the proceeds applied to the future support of herself and her daughter. Appellee filed preliminary objections in the nature of a demurrer. He alleged that an order for the support of appellant and the parties' child had been entered by the Court of Common Pleas of Lawrence County and that appellant had not made a "showing" that appellee had failed to comply with such order. These preliminary objections were sustained, and the complaint was dismissed.

It is apparent initially that the trial court's decision to sustain preliminary objections in the nature of a demurrer was based upon unadmitted averments of fact contained in the husband's preliminary objections. This was error. It is still the law that in passing upon a demurrer a court cannot consider matters collateral to the complaint but must limit

itself to such matters as appear therein. *Bonanni v. Weston Hauling, Inc.*, 392 Pa. 248, 250, 140 A.2d 591, 592 (1958); *Detweiler v. Hatfield Borough School District*, 376 Pa. 555, 558, 104 A.2d 110, 113 (1954). "A demurrer cannot supply a fact missing in the complaint. A speaking demurrer is bad . . . In ruling on a demurrer, the court may not ordinarily take judicial notice of such matters as the record of another case in the same court . . ." Goodrich-Amram 2d § 1017(b):11. See also: *McBurnie v. Grohol*, 55 D. & C.2d 146, 11 Mercer L.J. 426 (1972). Similarly, a court cannot take judicial notice of an order entered by the courts of another county.

After incorrectly taking judicial notice of the Lawrence County support order, the lower court then concluded that only Lawrence County had jurisdiction over claims for support by appellant. Lower court opinion at 6. This, too, was incorrect. The Civil Procedural Support Law, now appearing as a part of the Judicial Code, provides at 42 Pa.C.S. § 6710 as follows:

The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, *without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides or where his property is situated.* (Emphasis added.)

Appellant's action in equity falls within the foregoing statutory authority. Although a support order had previously been entered against appellee in Lawrence County, appellant sought further relief by instituting the present action in Beaver County, where appellee's property was situated. The additional relief which appellant sought was that granted by the Act of May 23, 1907, P.L. 227, §§ 1, 2, 48 P.S. §§ 131, 132 (as amended), which provides special relief for wives and children who have been deserted and who are consequently in need of support. The statute authorizes two distinct types of action: an action in personam against the nonsupporting husband as an individual (48 P.S. § 131), and

an action in rem against the husband's property (48 P.S. § 132).[1] The statute allows a deserted wife to recover monies expended from her separate estate for the support of herself and her child, and it provides the means by which future support can be guaranteed by in rem proceedings. *Rosenberry v. Rosenberry*, 256 Pa.Super. 237, 389 A.2d 1101 (1978). This special right is complementary to other substantive rights of spousal support. "From its inception [the Act of 1907] was one creating a special procedural right in equity *in addition to* the common law right of the wife to support by her husband." (Emphasis added.) *MacDougall v. MacDougall*, 397 Pa. 340, 343–4, 155 A.2d 358, 360 (1959). See also: *Brenner v. Sukenik*, 410 Pa. 324, 328, 189 A.2d 246, 248 (1963); *Commonwealth ex rel. Krouse v. Krouse*, 221 Pa.Super. 13, 15, 289 A.2d 233, 235 (1972).

1. These sections are as follows:

§ 131. If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where the wife or children are domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand, and in such action, at law or in equity, the husband and wife shall be fully competent witnesses.

§ 132. Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife or children, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife or children, proceedings may be had against any property real or personal of said husband necessary for the suitable maintenance of the said wife or children; and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance . . .

It has been held that § 132 must be read to provide for reciprocal remedies by either husband or wife who seeks to effectuate support orders. *Commonwealth v. Stein*, 487 Pa. 1, 12, 406 A.2d 1381, 1387 (1979). Although § 131 was not considered in *Stein*, it seems clear that the statutory provisions appearing at 1 Pa.C.S. § 2301 apply also to Section 131 and require a reading which makes the provisions thereof applicable equally to both sexes.

Our conclusion is consistent with the Civil Procedural Support Law, which, at 42 Pa.C.S. § 6701, provides:

The proceedings provided by this subchapter are in addition to and not in substitution of proceedings provided by law where there is desertion or a failure of duty to support.

Appellant's independent assertion of rights under the Act of 1907 is not precluded by the decision in *Commonwealth ex rel. Soloff v. Soloff*, 215 Pa.Super. 328, 257 A.2d 314 (1969). In that case, a petition had been filed in Montgomery County under the Civil Procedural Support Law despite the existence of a support order in Philadelphia which was being paid. This Court held that the Montgomery County courts could not "modify" the Philadelphia order by requiring the payment of a greater amount. In the instant case, appellant does not seek a modification of the Lawrence County order but asks only that the court in Beaver County grant to her those independent remedies which are guaranteed by the Act of 1907.

We conclude, therefore, that the learned trial judge erred when he dismissed appellant's complaint summarily. If, on remand, appellee is able to show that he is not a "deserting" spouse, or that he has not neglected or refused to support his wife and child, then an order denying relief can properly be entered. In the meantime, appellant must be permitted to pursue her asserted remedies in an action in equity. Her cause of action cannot be dismissed merely because appellee has alleged in preliminary objections the existence of a support order in another county.

Reversed and remanded for further proceedings.

SHERTZ, J., files a concurring statement.

SHERTZ, Judge, concurring:

I concur in the result since I agree that the lower court erred in considering facts not pleaded in the Complaint, in sustaining Appellee's demurrer. I, therefore, need not, and do not, reach the jurisdictional issue.