Helen M. WITT, Receiver of Pioneer
Finance Company, a Pennsylvania
Corporation

v.

William J. SCULLY, Appellant.

No. 75–2425.

United States Court of Appeals,
Third Circuit.

Argued June 11, 1976.

Decided July 14, 1976.

Edmund K. Trent, Robert K. Morris, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant; H. Stephen Madsen, Charles R. Ault, Baker, Hostetler & Patterson, Cleveland, Ohio, of counsel.

Paul H. Titus, Frances O. Tennant, Kaufman & Harris, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and GARTH, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

We are to decide whether failing to act is tantamount to acting for purposes of Penn-

sylvania's long arm statute.[1] Defendant is an Ohio resident who was an officer and director of a Pennsylvania corporation. The district court denied his motion to quash service of process, holding that he was amenable to jurisdiction in Pennsylvania in an action alleging his failure to attend directors' meetings and his failure otherwise to involve himself in the management of the corporation. We reverse.

## I.

Defendant was president and a director of the Pioneer Finance Company, a Pennsylvania corporation with its principal offices in Allegheny County. He served in these capacities until 1974. Following certain financial difficulties, Pioneer was placed in receivership by the state court upon the petition of the Pennsylvania Securities Commission. As receiver for Pioneer, plaintiff brought this action alleging that defendant had "failed to attend meetings of the board of directors, failed to see that meetings of the board of directors were held, failed to see that adequate corporate records were kept, and otherwise failed to exercise that control or management of the corporation's business and affairs required of him as a director and officer." (Complaint ¶ 4.) (5a). Defendant was served by certified mail in Ohio, pursuant to the provisions of the Pennsylvania long arm statute. He filed a motion to quash the service and dismiss the action for lack of jurisdiction over his person.

The essential factual allegations supporting the motion to quash and dismiss are not in dispute. Defendant "filed affidavits showing that he moved from Allegheny County to Cleveland in 1953, that he has resided in Shaker Heights, Ohio, ever since, that he has been employed by Bearings, Inc., a Cleveland company, that he was elected a director and president of Pioneer on July 6, 1963, that during the ensuing two years twelve directors' meetings were held, at seven of which, the last on August 12, 1965, he was present, that since January 1, 1966 he has been in Pittsburgh on business eight times, the last on April 27, 1972, all on the business of his Cleveland employer and none on the business of Pioneer Finance Company. He has also come to Pennsylvania on non-business matters, such as to attend a funeral. On May 24, 1974 he sent a letter to Pioneer resigning as president and director." Appellant's Brief at 4 (citations and footnotes omitted).

The district court reasoned that "defendant's failure to attend to the corporate business, which allegedly resulted in the financial harm to plaintiff corporation, is clearly that type of conduct which would fall within the statutory framework of the Pennsylvania long arm statute. The law in Pennsylvania is firm and definite that an act giving rise to liability may consist of the failure to perform a legal duty." (34a.) Accordingly, the trial court denied defendant's motion to quash and dismiss.

The district court certified its order pursuant to 28 U.S.C. § 1292(b), and defendant appealed. We permitted the appeal as involving a "controlling question of law as to which there is substantial ground for difference of opinion."

## II.

We believe the district court erred by confusing substantive legal precepts with jurisdictional ones. The law which must be applied to the issue before us is not the aggregate of legal precepts which substantively may impose liability on a defendant. Rather, the applicable legal precepts are jurisdictional ones, wholly statutory in this case. The result here turns solely upon

---

1. 42 Purd.Stat.Ann.

   *§ 8305. Causing harm by individuals*

   Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter. 1972, Nov. 15, P.L. 1063, No. 271, § 8305, eff. in 90 days.

whether defendant's conduct brings him within the terms of the Pennsylvania long arm statute.

■ We may quickly dispose of any suggestion that defendant was subject to jurisdiction on the basis of 42 Purd. Stat. Ann. § 8304 because, although a non-resident, he was doing business in Pennsylvania.[2] We conclude he was not. "Doing business" is specifically defined in 42 Purd.Stat.Ann. § 8309.[3] We cannot say that defendant's spasmodic trips to Pennsylvania since 1966 constituted conduct embraced by the statutory purpose. *See Bork v. Mills,* 458 Pa. 228, 329 A.2d 247 (1974). If there is to be legitimate long arm service, it must be found under § 8305, *quoted* note 1 *supra.*

■ Section 8305 provides that a person "acting outside of this Commonwealth" who "shall have caused any harm within this Commonwealth" shall be subject to service of process in any case "arising out of or by reason of any such conduct." The precise question for decision is whether Scully's failure to act, his non-performance, in Ohio, which may have caused harm to Pioneer in Pennsylvania, comes within the statutory phrase "acting outside of this Common-

wealth." To so conclude would be to conclude that "acting" also means "not acting."

The Pennsylvania Statutory Construction Act says: "Words and phrases shall be construed . . . according to their common and approved usage." 46 Purd.Stat. Ann. § 533. The common meaning of "act" is performance; it is the opposite of non-performance. Thus, Webster's Third New International Dictionary suggests the following synonyms: "behave, work, operate, function, react: these all have in common the indication of the way in which a person or thing performs, independently or in response to a stimulus."

Based on the plain meaning of the words, we conclude that the statutory text requires an active performance outside the state causing harm within the state in order to bring the actor within the reach of § 8305. Mere nonfeasance is not enough. To conclude otherwise would be to equate performance with non-performance, activity with inactivity, and action with inaction.

Beyond the common and approved usage [4] of the term "acting", our conclusion is buttressed by our perception of the legislative intent. When the legislature enacted

---

**2.** *§ 8304. Doing business by individuals*

Any nonresident of this Commonwealth who, acting individually under or through a fictitious business name, or through an agent, servant or employee, shall have done any business in this Commonwealth, on or after August 30, 1970, or a resident of this Commonwealth who shall have done business in this Commonwealth on or after August 30, 1970 that thereafter shall have become a nonresident of this Commonwealth, or shall conceal his whereabouts, shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident or the resident who shall thereafter have become a nonresident, shall have been doing any business within this Commonwealth as heretofore provided. 1972 Nov. 15, P.L. 1063, No. 271, § 8304, eff. in 90 days.

**3.** *§ 8309. Acts affecting jurisdiction*

(a) *General rule.*—Any of the following shall constitute "doing business" for the purposes of this chapter:

(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

(5) The ownership, use or possession of any real property situate within this Commonwealth. . . .

**4.** "If the language be clear it is conclusive. There can be no construction if there is nothing to construe." *United States v. Hartwell,* 73 U.S. (6 Wall.) 385, 396, 18 L.Ed. 830 (1868).

§ 8305, it surely can be said to have been familiar with the historic formulation of the Restatement of Torts § 284: "Negligent Conduct; Act or Failure to Act."[5] In Pennsylvania, this is perhaps the most widely used formulation to impose liability for harm. Yet the legislature chose not to incorporate failure to act into the jurisdictional provisions of § 8305. If it had intended the result suggested by plaintiff, the Pennsylvania legislature could easily have added a simple phrase like "or failing to act"—as did the legislatures of Alaska, Georgia, Kansas, Maryland, North Carolina and Wisconsin in promulgating long arm statutes.[6]

Considering the foregoing—the common usage of the language and the legislative intent—we conclude that under these circumstances it cannot be said that appellant was "acting outside of this Commonwealth." The motion to quash service should have been granted for lack of jurisdiction over the person.

The judgment of the district court will be reversed.

GARTH, Circuit Judge (dissenting):

I agree with the majority that defendant Scully was not "doing business" in Pennsylvania and thus *in personam* jurisdiction cannot be predicated upon 42 Purd.Stat. Ann. § 8304. However, I cannot accept the majority's unduly restrictive view of 42 Purd.Stat.Ann. § 8305. I would conclude that Scully was amenable to *in personam* jurisdiction in Pennsylvania based upon his having caused harm inside the Commonwealth arising from his conduct in Ohio.

Section 8305 provides that "[a]ny nonresident . . . who, acting outside of this Commonwealth, . . . shall have caused harm within this Commonwealth . . . shall be subject to service of process . . . arising out of or by reason of any such conduct." Thus, nonresidents who act outside Pennsylvania but cause harm inside Pennsylvania are subject to long-arm jurisdiction in any action "arising out of or by reason of any such conduct." At issue here is whether this section extends jurisdiction over persons who cause harm in Pennsylvania resulting from their failure to act, where action is mandated by law, as well as from their affirmative acts. Certainly the harm to those within the Commonwealth is identical regardless of whether the harm results from an act or a failure to act where the duty to act exists. Hence, the question presented to us is: has Pennsylvania extended its jurisdiction to reach nonresidents who cause harm within the Commonwealth through their failure to act where they have the duty to do so.

The majority has focused exclusively upon the meaning of the word "acting" in § 8305. It has concluded that the "common meaning of 'act' is performance; it is the opposite of non-performance." Majority Op. at 5. However, Webster's Third New International Dictionary includes among other definitions of "act" the following: "to carry into effect a determination of the

---

**5.** § 284. NEGLIGENT CONDUCT; ACT OR FAILURE TO ACT.

Negligent conduct may be either:
(a) an act which the actor as a reasonable man should realize as involving an unreasonable risk of causing an invasion of an interest of another, or
(b) a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do.

**6.** " . . . in an action claiming injury to person or property in this state arising out of an act or omission out of this state . . . " Alaska Stat.Ann. § 09.05.015(a)(4).

" . . . Commits a tortious injury in this State caused by an act or omission outside this State . . . " Ga.Code Ann. § 24–113.1(c).

" . . . Causes injury to persons or property within this state arising out of an act or omission outside of this state . . . " Kans. Stat.Ann. § 60–308(b)(7).

" . . . Causes tortious injury in the state or outside of the state by an act or omission outside the state . . . " Md. Code Ann, Courts and Judicial Proceedings § 6–103(b)(4).

" . . . in any action claiming injury to person or property within this State arising out of an act or omission outside this State . . . " N.C. Gen.Stat. § 1–75.4(4).

" . . . In any action claiming injury to person or property within this state arising out of an act or omission outside this state . . . " Wis. Stat.Ann. § 262.05(4).

will." A failure or refusal to perform a legally prescribed duty is just as much a carrying into effect of a determination of the will as an affirmative action. This definition is also in accord with common usage. For example, I can see no difference between a corporate officer's mismanagement of corporate funds (which the majority would characterize as "acting") and a corporate officer's abdication of all responsibility for the operation of the corporation which results in mismanagement (which under the majority's definition would be "inaction"). Inaction, where action is legally mandated, necessarily constitutes "action", for both involve a conscious decision and both can result in harm.

Moreover, the text of § 8305 further confirms my view that the section is not restricted to affirmative acts alone. A person "acting" outside Pennsylvania is subject to jurisdiction in suits arising out of "such conduct." As I read the statute, "such conduct" must relate back to the phrase "acting outside of this Commonwealth." Consequently, I believe the Pennsylvania legislature has equated "acting" with "conduct." Webster's Third New International Dictionary defines "conduct" as follows: "behavior in a particular situation or relation or on a specified occasion." Behavior subsumes a refusal to act where a legal duty to do so exists as well as affirmative acts. Thus, I find § 8305, when read in its entirety, as drawing within its reach harm that results from nonfeasance as well as from affirmative acts.

Nor am I persuaded by the majority's "perception of the legislative intent" in the enactment of § 8305. Majority Op. at 6. The Restatement of Torts § 284—"Negligent Conduct; Act or Failure to Act"— defines the substantive elements which give rise to a cause of action in tort. However, § 8305 is not a statute which creates a cause of action. Rather, § 8305 expands the juris-

diction of the Pennsylvania courts so as to reach nonresidents who cause harm in the Commonwealth. Presumably it was the intent of the legislature to provide a means of redress against those nonresidents who might otherwise not be amenable to suit in the Commonwealth. Given the nature of the statute and its presumed purpose, the absence of language that "acting" or "conduct" includes an "act or failure to act" is not dispositive of the problem here. Furthermore, the fact that other states have included the words "act or omission" in their long arm jurisdiction statutes does not resolve the sole question here—whether Pennsylvania has extended jurisdiction to reach Scully on the facts before us. Thus, I find neither the statutes of other jurisdictions nor the Restatement of Torts formulation helpful in construing § 8305.

On this motion to quash service of process and dismiss for lack of personal jurisdiction, the allegations of the complaint must be accepted as true. *Hochman v. Board of Education,* 534 F.2d 1094, 1096, (3d Cir. 1976). Plaintiff Witt, Receiver of Pioneer Finance Co., alleged that Scully, as an officer and director of Pioneer, breached his fiduciary responsibilities [1] to the company by failing to attend meetings of the board of directors, failing to insure that adequate corporate records were kept, and failing to exercise any control or management of the corporation's business and affairs. As a consequence, Witt alleged that the corporation was mismanaged, ultimately resulting in its insolvency.

Since there are no Pennsylvania precedents which determine the applicability of § 8305 where the failure to perform a legal duty is charged, we must predict how Pennsylvania courts would resolve this question. *Suchomajcz v. Hummel Chemical Co.,* 524 F.2d 19, 24 (3d Cir. 1975). In accordance with the Pennsylvania Statutory Construction Act, 46 Purd.Stat.Ann. §§ 558, 551,

---

1. Scully, as an officer and director of a Pennsylvania corporation, was charged with fiduciary duties under 15 Purd.Stat.Ann. § 1408:

   Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in their personal business affairs.

§ 8305 must be "liberally construed" to effectuate the "intention of the legislature." At least in this context where a legal duty is imposed on officers and directors of Pennsylvania corporations, I would predict that Pennsylvania courts would construe this section as extending long-arm jurisdiction to those nonresidents who cause harm in the Commonwealth by conduct outside the Commonwealth. Hence, I would hold that proper service had been made upon Scully and that jurisdiction was obtained over him. I would therefore affirm the district court's order which denied Scully's motion to dismiss.