**GEORGE TRANSPORT AND RIGGING COMPANY, INC.**

v.

**INTERNATIONAL PUBLICATIONS EQUIPMENT CORPORATION et al.**

Civ. A. No. 76–1993.

United States District Court, E. D. Pennsylvania.

Feb. 1, 1977.

Robert R. Reeder, Philadelphia, Pa., for George Transport.

Stephen R. Bolden, Philadelphia, Pa., for International Publications Equipment Corp.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

Plaintiff, George Transfer and Rigging Company, has brought this action against International Publications Equipment Corp ("IPEC"),[1] seeking to recover shipping charges in the amount of $4,072.95.[2] IPEC has moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of jurisdiction over the person. For the reasons hereinafter discussed, IPEC's motion is granted.

The facts as alleged by the plaintiff in its complaint are that plaintiff (a Maryland corporation with a place of business in Maryland) is a common carrier engaged in the business of moving goods between states, and that IPEC contracted with the plaintiff for plaintiff to transport goods through interstate commerce from the McCall Printing Company in Maryland. There were five separate shipments: two went to Indiana, two to Illinois, and one to New York. The complaint makes no reference whatsoever to Pennsylvania, nor does it make any reference to the route which the plaintiff carrier used to transport the goods to the various consignees, one in Illinois, one in Indiana, and one in New York. However, in its answer to IPEC's motion to dismiss, plaintiff attached an affidavit stating:

> [t]hat part of the goods which were transported by GEORGE TRANSFER & RIGGING COMPANY, INC., at the request of INTERNATIONAL PUBLICATIONS EQUIPMENT CORPORATION specifically those goods which traveled to Berne, Indiana . . . were transported through the Commonwealth of Pennsylvania and more particularly utilized the Pennsylvania Turnpike . . . That the goods which were transported [to New York] likewise traveled through the Commonwealth of Pennsylvania.

There is no allegation that IPEC instructed plaintiff to go through Pennsylvania, nor did it designate the route plaintiff should take in delivering the goods. In fact, the above quoted affidavit indicates that the goods shipped from Maryland to Illinois did not go through Pennsylvania.

In answering plaintiff's interrogatories for the purpose of determining jurisdiction, IPEC stated that: it had not filed a certificate to do business in Pennsylvania; it did not do business in Pennsylvania; it had not made any shipment of its products into Pennsylvania, either directly or indirectly within the last twenty years; it had never

---

1. Additional defendants named in the complaint are: McCall Printing Company (a Maryland corporation with a place of business in Maryland) and Economy Printing Company (an Indiana Corporation with a place of business in Indiana).

2. Subject matter jurisdiction is founded on 28 U.S.C. § 1337. *See Madler v. Artoe*, 494 F.2d 323, 326 (7th Cir. 1974) ("We find and hold that an original right of action lies in the federal district courts to entertain a claim by an interstate motor freight common carrier against a consignor for unpaid motor freight charges arising out of a regulated interstate shipment.").

solicited any business within Pennsylvania, either by telephone or by advertisement;[3] it had not, within the last twenty years, entered into any contract for the sale of its goods or products within Pennsylvania, nor had it within the last twenty years owned or leased an interest in any real or personal property within Pennsylvania. Furthermore, in an affidavit attached to its motion to dismiss IPEC further stated that it "does not now and has never maintained any office within the Commonwealth of Pennsylvania, sales agents, distributorships, franchising arrangements, salesmen, representatives of any kind or nature whatsoever or place of business within the Commonwealth of Pennsylvania. . . . [but] has from time to time, as a national and international seller of equipment, had goods, wares and merchandise passed through the Commonwealth of Pennsylvania, for ultimate delivery to customers in other states."

Plaintiff asserts that there is jurisdiction over IPEC in this case because the defendant has satisfied the Pennsylvania long-arm statute's requirement of doing business within the state.[4] 42 Pa.C.S.A. § 8302(a) (1976 Supp.) provides:

> Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. . .

Section 8309(a) of the Act defines what is meant by doing business within the Commonwealth in the following language:

> Any of the following shall constitute "doing business" for the purposes of this chapter:

> (1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

> (2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

> (3) *The shipping of merchandise directly or indirectly* into or *through this Commonwealth.*

> (4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

> (5) The ownership, use or possession of any real property situate within this Commonwealth. (emphasis supplied).

In determining whether jurisdiction over the person has been obtained by the use of a long-arm statute, two questions are presented: first, whether the relevant provisions of the statute encompass the conduct of the defendant; and, second, assuming the statute is applicable, whether the exercise of jurisdiction over the defendant under the particular circumstances of the case complies with the constitutional requisite of due process of law. *Columbia Metal Culvert Co., Inc. v. Kaiser Industries Corp.,* 526 F.2d 724, 730 (3d Cir. 1975); *Shong Ching Lau v. Change,* 415 F.Supp. 627, 631 (E.D.Pa.1976).

In attempting to determine whether the statute encompasses the conduct of IPEC in this situation, we have found several recent decisions from courts in Pennsylvania construing that portion of the long-arm statute which provides for the assertion of jurisdiction over a non-registered foreign corpora-

---

**3.** However, it has placed advertisements in various trade publications that receive nation-wide distribution.

**4.** Federal Rule of Civil Procedure 4(e) permits service of process upon a party in the manner prescribed by a statute of the state in which the district court is located. Here, the appropriate state statute is the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 8301 *et seq.* (1976 Supp.).

**1354**

tion which ships merchandise directly or indirectly into the Commonwealth of Pennsylvania. Those decisions have unanimously sustained the exercise of jurisdiction over a non-registered foreign corporation which does in fact ship merchandise directly or indirectly into Pennsylvania. *See, e. g., Columbia Metal Culvert Co., Inc. v. Kaiser Industries, Inc.,* 526 F.2d 724 (3d Cir. 1975); *Crucible, Inc. v. Stora Kopparbergs Bergslags AB,* 403 F.Supp. 9 (W.D.Pa.1975); *Keene v. Multicore Solders Ltd.,* 379 F.Supp. 1279 (E.D.Pa.1974); *Aquarium Pharmaceuticals Inc. v. Industrial Pressing and Packaging, Inc.,* 358 F.Supp. 441 (E.D.Pa.1973). We have been unable to find any case which has interpreted the meaning of the clause in section 8309(a)(3), "the shipping of merchandise . . . through this Commonwealth." However, in this case, we shall not pursue this question further because it has become obvious to us that the assertion of jurisdiction over the defendant on the basis of this record offends the due process clause of the fourteenth amendment.

The Supreme Court, in the landmark decision of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), established the following test to determine whether the assertion of in personam jurisdiction in a particular case was constitutionally permissible:

Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." (citations omitted).[5]

In *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), the Court refined the test by holding that:

unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

This test does not lend itself to mechanical application. It must be applied on an ad hoc case-by-case basis. *Rosen v. Solomon,* 374 F.Supp. 915, 919 (E.D.Pa.1974), aff'd, 523 F.2d 1051 (3d Cir. 1975).[6]

On the basis of this record, this Court is unable to find that IPEC has had sufficient minimum contacts with Pennsylvania to satisfy the requirements of the due process clause of the fourteenth amendment. IPEC, itself, has never come into the Commonwealth. It has committed no tortious act within the Commonwealth; the contract for the carriage of the goods which traveled through Pennsylvania was neither negotiated nor executed in Pennsylvania;

---

**5.** Where sufficient minimum contacts exist, jurisdiction can constitutionally be exercised on the theory that:

to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. *International Shoe v. Washington,* 326 U.S. at 319, 66 S.Ct. at 160.

**6.** *See Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974) in which the court noted that:

[t]hese decisions [*International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)] provide only a framework under the broad formula of "fair play and substantial justice" and a determination of whether or not the "minimum contacts" of a foreign corporation with a particular state are sufficient to make the corporation constitutionally amenable to process in that state must inevitably be made on . . . a case-by-case basis . . . .

IPEC has never filed a certificate to do business in Pennsylvania, nor would it be required by Pennsylvania law to file such a certificate; it has not conducted any activity either directly or through agents in Pennsylvania; it has not shipped any of its products either directly or indirectly into Pennsylvania; it has never directly solicited any business in Pennsylvania, either by telephone or through advertising; it has never sold or contracted for the sale of its products in Pennsylvania; and it does not own nor does it lease any property, real or personal in Pennsylvania. IPEC's only contact with the Commonwealth of Pennsylvania is that it allegedly contracted with the plaintiff, a common carrier, to transport goods which it had purchased in Maryland from a Maryland corporation, some of which goods were transported by the carrier over the Pennsylvania highways and delivered to an Indiana corporation and a New York corporation.

To hold that due process has been satisfied under the facts of this case would mean that any corporation which has at any time purchased goods which a common carrier hauls through Pennsylvania subjects itself to the in personam jurisdiction of this Commonwealth. The assertion of in personam jurisdiction in this situation offends traditional notions of fair play and substantial justice. The defendant corporation has committed no act by which it can be said to have availed itself of the privilege of conducting activities within Pennsylvania, whereby it invoked the benefits and protections of the laws of Pennsylvania.

Accordingly, the attached Order is entered:

## ORDER

AND NOW, this 1st day of February, 1977, upon consideration of defendant, International Publication Equipment Corporation's, motion, pursuant to Fed.R.Civ.P. 12(b)(2), to dismiss for lack of in personam jurisdiction, for the reasons set forth in the attached memorandum, said motion is GRANTED.