**George W. MOFFITT, Jr.**

v.

**William D. WALLACE.**

**Civ. A. No. 76–3649.**

United States District Court, E. D. Pennsylvania.

April 20, 1977.

John C. Uhler, York, Pa., for plaintiff.

Leroy S. Axland, Salt Lake City, Utah, Benjamin S. Ohrenstein, Bala Cynwyd, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff is a resident of Pennsylvania who is suing defendant, an Illinois resident, to enforce a promissory note. The amount in controversy exceeds $10,000.00. Jurisdiction is based on 28 U.S.C. § 1332.

Defendant has moved to dismiss for lack of jurisdiction of the defendant's person or, in the alternative, to quash service of process. Defendant was served by registered mail at his Illinois residence.

Plaintiff contends that both service of process and personal jurisdiction are proper under 42 Pa.C.S.A. §§ 8304 and 8305, which provide as follows:

"§ 8304. *Doing business by individuals*

Any nonresident of this Commonwealth who, acting individually under or through a fictitious business name, or through an agent, servant or employee, shall have done any business in this Commonwealth on or after August 30, 1970, or a resident of this Commonwealth who shall have done business in this Commonwealth on or after August 30, 1970 and thereafter shall have become a nonresident of this Commonwealth or shall conceal his whereabouts, shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident or the resident who shall thereafter have become a nonresident, shall have been doing any business within this Commonwealth as heretofore provided. 1972, Nov. 15, P.L. 1063, No. 271, § 8304, eff. in 90 days.

\* \* \* \* \* \*

"§ 8305. *Causing harm by individuals*

Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter. 1972, Nov. 15, P.L. 1063, No. 271, § 8305, eff. in 90 days."

Defendant argues that neither section applies. We agree.

Plaintiff's affidavit asserts arrearages due on a promissory note. The affidavit refers to defendant's frequent purchase of securities in Philadelphia but does not indicate that the promissory note is in any way connected with that activity. The note

was not signed in Pennsylvania and the defendant did not come to Pennsylvania in connection with the transaction in Pennsylvania and the defendant was last in Pennsylvania in 1964. All transactions concerning the note were by mail and telephone. As a result, Section 8304 does not confer jurisdiction of the defendant's person absent some "substantial connection" with Pennsylvania. See *Rosen v. Soloman*, 374 F.Supp. 915 (E.D.Pa.1974).

Neither does Section 8305 confer jurisdiction. That section provides that an individual "acting outside of this Commonwealth" who causes harm within the Commonwealth shall be subject to service of process and, therefore, subject to *in personam* jurisdiction. However, the Third Circuit has held that such language requires affirmative misconduct, not mere nonfeasance. *Witt v. Scully*, 539 F.2d 950 (3d Cir. 1976). It is alleged nonfeasance, i. e., nonpayment of a debt, by defendant that purports to bring him within the jurisdiction of this Court. Applying *Witt*, nonfeasance is insufficient.

Therefore, we conclude that the provisions of Pennsylvania's long arm statute do not apply and defendant's motion to dismiss for lack of jurisdiction will be granted.