**Laura DAVIS**

v.

**W. Douglas DAVIS.**

**Civ. A. No. 77–893.**

United States District Court, E. D. Pennsylvania.

May 15, 1978.

Jacques H. Geisenberger, Jr., Lancaster, Pa., for plaintiff.

Lawrence J. Ruggiano, Lancaster, Pa., for defendant.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff, Laura Davis, brought this action against W. Douglas Davis to recover allegedly overdue payments for the support of plaintiff and her children under a "Separation Agreement" signed by plaintiff and defendant. Since plaintiff is a citizen of Pennsylvania and defendant is a citizen of North Carolina, and the amount in controversy exceeds $10,000, this Court has diversity jurisdiction based on 28 U.S.C. § 1332. Defendant has moved, pursuant to Fed.R. Civ.P. 12(b)(2), to dismiss the complaint for lack of in personam jurisdiction. For the reasons hereinafter discussed, defendant's motion will be granted.

Plaintiff alleges in her complaint that she and defendant were married in Pennsylvania in 1950 and that two children were born of the marriage; one in 1954 and the second

in 1956. Attached to plaintiff's complaint is an agreement between plaintiff and defendant dated April 1, 1965, wherein defendant identifies himself as a resident of New York and plaintiff states that she is a resident of Pennsylvania. The agreement was signed by defendant in New York and was signed and recorded by plaintiff in Pennsylvania. The agreement provides, inter alia, for the support of plaintiff and the two children. It further provides that the agreement shall be construed and governed in accordance with the laws of New York. Plaintiff alleges that sometime after April 1, 1965, the date of the agreement, defendant notified plaintiff that he had obtained a Mexican divorce and that he had become a resident of North Carolina. Plaintiff further alleges that defendant mailed support payments to her from places outside of Pennsylvania until June 26, 1972, at which time he ceased making payments. Plaintiff contends that she and the two children are entitled to support payments and that defendant has breached and continues to breach the April 1, 1965 agreement.

Plaintiff obtained service of the complaint in this case pursuant to the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 8301 et seq. (1977 Supp.).[1] Plaintiff claims in personam jurisdiction over defendant by virtue of 42 Pa.C.S.A. § 8305 and/or 42 Pa.C.S.A. § 8304.

In determining whether there is in personam jurisdiction over Mr. Davis in this case, two issues are presented: first, whether the nonresident defendant's activities come within the relevant statutory provisions, and, second, if the statutory requirements are found to be satisfied, whether this Court's exercise of jurisdiction would violate due process of law. *Columbia Metal Culvert Co. v. Kaiser Industries Corp.,* 526 F.2d 724, 730 (3d Cir. 1975); *George Transport & Rigging Co. v. International Publications Equipment Corp.,* 425 F.Supp. 1351, 1353 (E.D.Pa.1977).

---

1. Fed.R.Civ.P. 4(e) permits service of process upon a party in the manner prescribed by a statute of the state in which the district court is located. Here, the appropriate state statute is the Pennsylvania long-arm statute, 42 Pa.C. S.A. § 8301 et seq. (1977 Supp.).

Section 8305 of the Pennsylvania long-arm statute provides, in pertinent part:

Any nonresident of this Commonwealth who, acting outside of this Commonwealth . . . shall have caused any harm within this Commonwealth . . shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. . . .

■ Plaintiff contends that defendant's alleged failure to mail support payments into this Commonwealth after June 26, 1972 from outside of Pennsylvania meets the statutory requirement of a nonresident "who, acting outside of this Commonwealth . . . shall have caused any harm within this Commonwealth." Plaintiff relies upon *Zimmermann v. Zimmermann,* 395 F.Supp. 719 (E.D.Pa.1975), wherein the court found that there was "in personam jurisdiction", pursuant to § 8305 of the Pennsylvania long-arm statute, over a nonresident former husband in connection with an action for sums due under a separation agreement. In 1976 however, the Third Circuit, in determining how the Pennsylvania courts would resolve the question, held that § 8305 requires affirmative misconduct and that mere nonfeasance would not satisfy the statute. *Witt v. Scully,* 539 F.2d 950 (3d Cir. 1976).[2] *Witt* involved the failure of a nonresident corporate director to fulfill his fiduciary obligations to a Pennsylvania corporation. The *Witt* holding has been interpreted to bar relief under § 8305 where the nonresident defendant's alleged nonfeasance was the failure to pay a debt due on a promissory note. *Moffitt v. Wallace,* 430 F.Supp. 1133 (E.D.Pa.1977).[3] In the instant case plaintiff contends that it was defendant's failure to make support payments under the "Separation Agreement", and not

any affirmative misconduct, which caused harm within this Commonwealth. Thus, plaintiff has failed to allege facts from which this Court can conclude that the defendant, "acting outside of this Commonwealth . . . caused any harm within this Commonwealth." Therefore, we find that defendant's alleged failure to make payments under the "Separation Agreement" does not subject him to in personam jurisdiction pursuant to § 8305.

■ Section 8304 of the Pennsylvania long-arm statute provides, in pertinent part:

Any nonresident of this Commonwealth who . . . shall have done any business in this Commonwealth on or after August 30, 1970 . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident . . . shall have been doing business within this Commonwealth as heretofore provided.

Plaintiff also claims in personam jurisdiction over defendant on the ground that defendant did business in this Commonwealth after August 30, 1970. She bases this contention on the definition of "doing business" contained in § 8309(a)(1) of the long-arm statute, which reads:

Any of the following shall constitute "doing business" for the purposes of this Chapter:

(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

---

**2.** It is of interest to note that Act No. 142 of the Judicial Code, adopted by the Legislature of the Commonwealth of Pennsylvania on July 9, 1976, grants jurisdiction over a nonresident individual whose actions "[cause] harm . . . in this Commonwealth by an act *or omission* outside this Commonwealth." (Emphasis added). § 5322(a)(4). Though this Act was adopt-

ed nearly two years ago, it has yet to be put into effect. Thus, the Legislature has not seen fit to extend jurisdiction over nonresidents whose omissions outside this Commonwealth cause harm within this Commonwealth.

**3.** *See also Filsam Corp. v. Dyer,* 422 F.Supp. 1126, 1134 (E.D.Pa.1976).

Plaintiff relies on *Truxal v. Truxal,* 64 Lanc.L.Rev. 19 (1973) to establish in personam jurisdiction on the ground that by mailing payments to plaintiff prior to June 26, 1972, defendant was "doing business" in this Commonwealth as defined in the above quoted statute.

This Court does not consider *Truxal's* interpretation of § 8304 binding upon it for two reasons: first, in interpreting a state statute we are bound only by interpretations of that statute given by a state's appellate court, *Schmidt v. Hewitt,* 573 F.2d 794, 797 (3d Cir. 1978), and; second, it is our prediction, after reviewing all of the cases interpreting § 8304, that the Pennsylvania appellate courts will not determine that "doing business" includes making payments under a separation agreement, particularly under circumstances where, as in the case *sub judice,* the agreement was executed by the nonresident defendant in New York and the parties agreed that New York law would be applied to the agreement.

█ We point out that § 8309(b) of the long-arm statute, entitled "[e]xercise of full constitutional power over foreign corporations", provides:

> In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the power exercised by them to the fullest extent allowable under the Constitution of the United States.

By its terms, this section applies only to foreign corporations and not to nonresident individuals.[4] Therefore, there is no statutory direction to extend either § 8305 or § 8304 to their constitutional limits.

In view of our holding that neither § 8305 or § 8304 confer in personam jurisdiction

over defendant, we do not reach the question of whether the exercise of in personam jurisdiction in this case would violate due process of law.

Accordingly, an order shall be entered dismissing the complaint, pursuant to Fed. R.Civ.P. 12(b)(2), for lack of in personam jurisdiction.

4. It is again of interest to note that Act No. 142 of the Judicial Code (*See* n. 2, *supra*), adopted by the Legislature of the Commonwealth of Pennsylvania on July 9, 1976, but not yet put into effect, provides, in § 5322(b):

> [E]xercise of full constitutional power over nonresidents—
> In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to *all persons* . .

to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact within this Commonwealth allowed under the Constitution of the United States. (emphasis added).

Thus, the Legislature has not seen fit to extend jurisdiction over nonresident individuals to the fullest extent allowable under the Constitution of the United States.