441 A.2d 398

**Cynthia King ROGERS**

v.

**Robert Hall ROGERS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 20, 1981.

Filed Feb. 5, 1982.

Petition for Allowance of Appeal Denied July 16, 1982.

162

Russell D. Henkin, Philadelphia, for appellant.

John W. Nilon, Jr., Media, for appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

MONTEMURO, Judge:

This action presents the issue of whether the Pennsylvania Longarm Statute, 42 Pa.C.S.A. § 5322, permits the Commonwealth of Pennsylvania to exercise *in personam* jurisdiction over a nonresident defendant in an action brought by defendant's former wife for reimbursement of monies she has expended from her personal estate for the maintenance and support of the parties' three children during their minority. We conclude that in this instance it may do so, and affirm the decision of the lower court.

The parties to this action were married in England in 1944 and moved to Delaware County in 1948. Two children were born of the marriage in that county, and all three children were raised to their majority there.

The defendant left the jurisdiction in 1954 and concealed his whereabouts from his former wife. He at no time provided for the support and suitable maintenance of his son and his two daughters, aged three, six and nine at time of his desertion.

Plaintiff alleges, without rebuttal, that defendant was sufficiently able financially to have contributed to the children's support during their minority.

Plaintiff further alleges that she attempted several times to enter a support order against defendant for benefit of the

children, but was never able to do so and therefore was obligated to maintain the children entirely from her separate estate.

Assuming that *in personam* jurisdiction may be had, we agree that plaintiff has a cause of action for her past expenditures in support and maintenance of the children of the marriage under statutory law pursuant to 48 P.S. § 131,[1] see also *Rosenberry v. Rosenberry*, 256 Pa.Super. 237, 389 A.2d 1101 (1978), as well as under common law theories of restitution [2] and of quasi-contract.[3]

The present appeal presents a jurisdictional problem.[4] The appeal is taken from an order of the lower court which

1. 48 P.S. § 131 states in pertinent part:
   If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the Court of Common Pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where his wife or children are domiciled, and the said Court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand, and in such action, at law or in equity, the husband and wife shall be fully competent witnesses. 1907, May 23, P.L. 227, § 1; 1909 April 27, P.L. 182 § 1(1); 1955, Dec. 15, P.L. 878, § 1.

2. *Restatement, Restitution* (1936) § 76 provides:
   "A person who, in whole or in part, has discharged a duty which is owed by him, but as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."
   See comment B., illustration # 5., the explanation which states:
   "A husband wrongfully refuses to supply necessaries for his wife and minor children. The wife secures a position and provides herself and the children with necessaries. Wife is entitled to reimbursement from the husband for the value of the necessaries."

3. See *Gessler v. Gessler*, 181 Pa.Super. 357, 124 A.2d 502 (1956); *Alder v. Alder*, 171 Pa.Super. 508, 90 A.2d 389 (1952).

4. The defendant also claims that his action is barred by the statute of limitations. His arguments in support of this view and plaintiff's counter arguments are irrelevant to the instant appeal, however, and this court will not address that issue since it cannot finally dispose of it.

dismissed defendant's preliminary objections. Two facts present themselves for analysis: (1) the present longarm statute of this state must be capable of establishing *in personam* jurisdiction on the facts of the instant action and (2) the exercise of the jurisdiction must comport with constitutional standards.

The relevant statute to be considered is found at 42 Pa.C.S.A. § 5322 (Supp.1978) and states in pertinent part:

(a) General Rule. A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(3) Causing harm or tortious injury by an *act or omission* in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an *act or omission* outside this Commonwealth. (Emphasis supplied)

Interestingly, the 1978 case of *Davis v. Davis*, 452 F.Supp. 44 (E.D.Pa.) speaks prospectively to the issue of the jurisdictional reach of the present statute although it was decided under former law. In *Davis* the plaintiff mother brought suit in Pennsylvania against a father in North Carolina under the terms of a New York separation agreement. The district court, interpreting 42 Pa.C.S.A. § 8301 *et seq.* (1977 Supp.), predecessor to the present longarm statute, cited in pertinent part:

Any nonresident of this Commonwealth who, acting outside of this Commonwealth ... shall have caused any harm within this Commonwealth ... shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct ...

The plaintiff claimed that the failure to mail support payments amounted to an act causing harm within the

We deem this interlocutory appeal to be properly taken (Pa.R.A.P. 311(b)) inasmuch as the plaintiff-appellee has filed of record in substance, an election that the order dismissing defendant's preliminary objections shall be deemed final.

Commonwealth. The Court held that the failure to pay was an *omission* to act, and therefore was not encompassed by the wording of the statute as set forth above. However, the *Davis* court specifically footnoted the wording of the present act, adopted but not then effective, and opined that such wording *would* extend the reach of the statute to omissions to act. *Id.* p. 46, n. 2, *cf. supra* n. 7 for present wording. That wording is now the operative wording, and non-payment of monies which are owed and lack of which cause harm within this state is unarguably covered.

The *Davis* court similarly noted another objection to use of the longarm statute as then written, stating that under wording then applicable:

> ... it is our prediction ... that the Pennsylvania Appellate Courts will not determine that "doing business" includes making payments under a separation agreement ... particularly where ... executed by the nonresident defendant in New York ... and [where] by its terms this section [of the Longarm Statute] applies only to foreign corporations and not to nonresident individuals. Therefore there is no statutory direction to extend [the then longarm provisions] to their constitutional limits. *Id* at 47.

Once again, however, the *Davis* court carefully set forth in a footnote the as-yet-to-be-enacted version of the statute, identical to the present law, and recognized that the legislative intent expressed in the language now in use *would* extend to individuals as well as corporations and *would* go to the furthest constitutional extent permissible. *Id.* at 71, n.4.

Having determined, therefore, that the statute of that date did not confer *in personam* jurisdiction over the *Davis* defendant, the court did not need to reach the constitutional issue.

The reasoning of the *Davis* court however, when applied to the present law, impels a different result. Assuming the well-pleaded allegations of the present record to be true, we find an act of desertion begun in this state and continued for many years outside this state and an omission of a duty of

support outside this state, all of which caused harm in this state. Under 42 Pa.C.S.A. § 5322(a)(3) and (a)(4), *in personam* jurisdiction may be had upon this defendant. Cases holding that non-feasance was not covered by the Pennsylvania Statute, see *e.g. Davis, supra; Witt v. Scully*, 539 F.2d 950 (3rd Cir. 1976); *Filsam Corp. v. Dyer*, 422 F.Supp. 1126 (E.D.Pa.1976), were decided prior to the addition to the language "act *or omission*," and we must agree with the lower court that injury caused by a failure to act to fulfil a legal duty is now sufficient to provide *in personam* jurisdiction under the instant facts.

█ What is more, the extention of the statutory language to "*all* persons" and "to the fullest extent allowed under the constitution" appears to us, as to the *Davis* court, to show a legislative intent to make nonresident *individuals* as well as corporations subject to *in personam* jurisdiction. We hold that, under the wording and intent of the present longarm statute, this defendant may be subjected to the jurisdiction of this Commonwealth.

Having determined that our legislature intended to extend jurisdiction to encompass defendants similar to the one in the case at bar, we must turn to an examination of the facts to decide whether this extention of *in personam* jurisdiction comports with constitutional limitations. On the facts presented here, we hold that this defendant may be constitutionally reached.

█ A valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1878). There must be adequate notice of the action given to the defendant, *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and a sufficient connection between the defendant and the forum state as to make it fair to require defense of the action in the forum. *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). The defendant in this instance does not contest his

notice of the action as inadequate. He does, however, contend that his connections with Pennsylvania are too insubstantial to support *in personam* jurisdiction on a constitutional level.

Both parties in this action cite the United States Supreme Court case of *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the most recent holding by that body on *in personam* jurisdiction as applied to a nonresident defendant in a support matter. This court will, therefore, examine the instant facts in the light of the guidance given in *Kulko.*

Justice Marshall, writing for the Court, stressed that an examination of the "minimum contacts" test cannot be considered mechanically, but that in each case facts must be weighed individually, and that "few answers will be written in black and white. The grays are dominant and even among them the shades are innumerable." *Id.* at 92, 98 S.Ct. at 1697, quoting *Estin v. Estin*, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).

In the instant case, the defendant moved his family, then a wife and child, into this Commonwealth to live. He fathered two more children in this state and remained domiciled here from 1948 to 1954: incontestably he availed himself of the benefits of this state during that six-year period.

Then, in direct contravention of the law of this Commonwealth he:

> . . . separated himself from . . . his children without reasonable cause, and being of sufficient ability . . . neglect[ed] or refuse[d] to provide suitable maintenance . . . (see note 1 *supra* for complete wording.)

Such behavior, under the statute, permits an action to be brought, in law or equity *either* where "service may be had" upon him *or* "in the county where the desertion occurred." *Id.*

In contrast, the defendant father in *Kulko* remained in the marital state and did no more than agree that his

daughter could move to live with her mother in a foreign jurisdiction with which he had no ties. The diminution of expenses in the father's household was seen there as a result of the child's "*absence* from appellant's home" and not from her *presence* in the foreign jurisdiction. *Kulko, supra* 436 U.S. at 95, 98 S.Ct. at 1698. The benefits of the foreign jurisdiction ran to the child, not the father, and the court pointed out that an action might have been brought at any time in the state where the separation occurred and the agreement was written. *Id.* at 95, 97, 98 S.Ct. at 1698, 1699.

In contrast, defendant in the instant case deliberately engaged in wrongful conduct which was intended to, and apparently did, insulate him from service of process in any jurisdiction. The benefit he thus obtained for himself was not "commercial", but as seen *supra*, the present longarm statute applies to individuals and goes to the furthest limits of constitutionality possible.

Before we may find jurisdiction, it must appear that "certain minimum contacts" with this state exist, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In the instant matter, defendant initiated the desertion that made service impossible over a period of many years; defendant knew or should have known that such behavior would bring him under provisions of the laws of this Commonwealth; defendant has reaped considerable financial benefit by his omission to pay support; defendant certainly availed himself of the benefits of this Commonwealth during his residency here, and apparently was prepared to reap further benefits in the form of governmental aid to his children had the plaintiff proved unequal to the burden of their support. In contrast, plaintiff remained in the marital jurisdiction, has already sustained a substantial financial burden over many years and should not have to assume the additional expense and personal strain of litigating in a distant forum with which she has had no contact.

We can see nothing that shocks our traditional notions of fair play and substantial justice in extending *in personam* jurisdiction to this defendant on these facts. The connections of defendant-appellant with this Commonwealth are sufficient under the standards of reasonableness and fairness implicit in the Due Process Clause.

Order affirmed.