## Garcia v. Evans

*John A. Gill,* for plaintiff.
*Richard W. Evans,* pro se.

SPICER, *P.J.,* December 28, 1984—Plaintiff seeks to enforce a separation and support agreement made in New York and which, by its provisions, gives plaintiff the right to sue "before any court or Tribunal having jurisdiction." Preliminary objections have been filed challenging the jurisdiction of this court. No evidence has been produced and the issue will be determined on the basis of allegations in the complaint.

Although plaintiff presently lives in Pennsylvania, defendant is a resident of New York. The parties were married and divorced in New York. In fact, the only connection Pennsylvania has in this case is that the persons for whom defendant is to pay support reside in this Commonwealth.

Plaintiff argues that the language quoted above, which appears in paragraph 24, is a consent by defendant to plaintiff's choice of forum. It is true that jurisdiction may be obtained through consent or waiver. Commonwealth ex rel. Wheeler v. Wheeler, 274 Pa. Super. 478, 418 A.2d 506 (1980). However, the language falls far short of being a consent and there is no other provision in the agreement by which consent could be found.

Plaintiff's second argument is statutorily based. She argues that defendant's failure to pay support is

an omission causing harm in this Commonwealth and, therefore, jurisdiction is vested by the Long Arm Statute, 42 Pa.C.S. §5322(a)(4). That subsection provides for jurisdiction over persons:

(4) Causing harm or tortious injury in this Commonweatlh by an act or omission outside this Commonwealth.

However, this provision must be read in light of such cases as International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945); Hanson v. Denckla, 357 U. S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958); World-Wide Volkswagen Corp. v. Woodson, 444 U. S. 286, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980). More importantly, it must be read in light of Kulko v. California Superior Court, 436 U. S. 84, 98 S. Ct. 1690, 56 L.Ed.2d 132 (1978).

The factual situation presented in Kulko, is similar to the one before us. Two New York residents entered into a separation agreement. The wife then flew to Haiti, obtained a divorce, then moved to California. At first, two children remained in New York with their father but were flown to California at the father's expense. The wife then sued on the New York agreement. The parties had been married in California.

In reversing a California exercise of jurisdiction, the United States Supreme Court carefully explained the subtle problems in this area. There are no blacks and whites, only greys, the court said, and infinite shadings of grey. However, the court found that the husband's contacts with California were too minimal to support jurisdiction.

The Pennsylvania Superior Court discussed and distinguished Kulko in Rogers v. Rogers, 295 Pa. Super. 160, 441 A.2d 398 (1982). Jurisdiction was

asserted over a nonresident in this last case. The parties in Rogers had resided in Pennsylvania six years when the husband deserted his family and concealed his whereabouts. The court said:

"In the instant matter, defendant initiated the desertion that made service impossible over a period of many years; defendant knew or should have known that such behavior would bring him under provisions of the laws of this Commonwealth; defendant has reaped considerable financial benefit by his omission to pay support; defendant certainly availed himself to the benefits of this Commonwealth during his residency here, and apparently was prepared to reap further benefits in the form of governmental aid to his children had the plaintiff proved unequal to the burden of their support." 295 Pa. Super. at 168, 441 A.2d at 402 (1982).

It is our opinion that the case before us bears a great deal of resemblance to Kulko and very little to Rogers. In fact, there were more contacts between Mr. Kulko and California than there have been between Mr. Evans and Pennsylvania. The only resemblance between this case and Rogers is that both involve a suit for child support.* That similarity also runs to Kulko. Something more is required.

The court finds that jurisdiction is lacking.

## ORDER OF COURT

And now, this December 28, 1984, the complaint is dismissed because of the lack of jurisdiction over the person of defendant.

---

*Rogers involved an attempt to recover expenditures made by the mother for past child support and maintenance.